W. W. WELDON v. THE STATE.

No. 746. Decided April 15th, 1896.

**Local Option—Contract of Sale.**

Where a contract of purchase and sale of intoxicating liquor is entered into in a local option precinct, and the money there paid, this will not constitute a violation of the law if the delivery of the intoxicating liquor is to be at a point outside of the local option precinct where the contract was entered into, the liquor itself not being at the time in said precinct.

APPEAL from the County Court of Williamson. Tried below before Hon. D. S. CHESSHER, County Judge.

This appeal is from a conviction for a violation of local option, the punishment assessed being a fine of $25, and twenty days' imprisonment in the county jail.

The opinion sufficiently states the case.

W. F. Robertson, for appellant, filed an able and interesting brief, insisting that the facts proved constituted no violation of the local option law in Williamson County.

Mann Trice, Assistant Attorney-General, for the State.

[No brief on file with the record.]

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law in Precinct No. 2 of Williamson County, hence this appeal. Outside the evidence in the record showing the result of the local option election in said precinct, the only testimony in the case was that of G. J. Craddock, the alleged purchaser of the intoxicating liquors. His testimony discloses that he was a merchant within the incorporated town of Bartlett, in Williamson County, where the law was in force; that the Williamson and Bell County line ran through the said town of Bartlett. At the time the sale is said to have occurred, appellant was the owner of a saloon about four miles from the town of Bartlett, in Bell County. At Craddock's store, in Williamson County, in the town of Bartlett, Craddock purchased and paid for six bottles of beer from the defendant, and told him to put the beer in an ice house in Bell County, said ice house being about thirty or forty yards from the Williamson County line in Bell County. Craddock testified, further, that he did not see the appellant after that, but went to the ice house spoken of, and found six bottles of beer, and drank it; that he did not see the defendant while there, and that the defendant never, at any time, delivered him any beer in Precinct No. 2 of Williamson County, or in any other part of Williamson County; that he did not know whether the defendant put the beer in the ice house above mentioned or not; and he did not know whose beer it was, or who placed it where he got it. To restate: The evidence shows that the trade was made and the money paid in Precinct No. 2 in Williamson County, while local option was in effect, but was to be delivered in Bell County; and, by the agreement

of the parties, the beer was not to be brought into Williamson County, and, in fact, was not so brought. The question is: Where a contract of purchase and sale of intoxicating liquor is entered into in a local option precinct, and the money there paid, will it constitute a violation of the local option law if the delivery of that intoxicating liquor is to be at a point outside of said local option precinct where the contract was entered into, and is so delivered, the liquor itself at the time being outside of said precinct? We think not. · Under no terms or construction of the local option law that we have been able to discover can this character of contract constitute a violation thereof. If so, every contract for the sale and purchase of liquor entered into between parties in a local option precinct, where the delivery is to be had outside of said precinct, or even in another State, would constitute a violation of said local option law in the precinct where the agreement was entered into. Such an effect was never intended to be had under this law, and was never contemplated by any of its provisions and terms. The judgment is reversed, and the cause remanded.

*Reversed and Remanded.*