## TOM GRAYSON V. THE STATE.

### No. 1765. Decided May 17, 1899.

**1. Confession—Predicate in Case of Nonage of Defendant.**

Where the accused is a minor between the age of 9 and 13 years, it is not essential, as a predicate for the admission in evidence of his confession, that the State should show that he has sufficient discretion to understand the nature and consequences of the crime with which he is charged. This rule does not apply to confessions, but is a safeguard against conviction of one of tender years unless a criminal capacity is shown.

**2. Same—Rule as to Evidence of, in Case of Children.**

Article 768, Code of Criminal Procedure, provides that children are not competent to testify who do not possess sufficient intellect to relate the transactions about which they are interrogated, or who do not understand the obligation of an oath. Held, the statements or confessions of such a witness ought not to be received in evidence.

**3. The Rule—Sheriff.**

Where the sheriff had been excused as a witness from the rule, it was competent for the State to introduce and use his testimony.

**4. Jury—Evidence—Taking Instruments of Evidence With Them in Their Retirement.**

It is competent for the jury, by leave of the court, to take with them into their retirement any character of evidence which has been introduced before them.

**5. Jury and Jury Law—Misconduct—New Trial.**

A new trial will not be granted upon the alleged misconduct of the jury, which consisted in their discussion, before arriving at their verdict, of the manner in which the defendant, who was a minor, had been raised, and their belief that it was the best thing they could do for the boy to place him in the reformatory.

APPEAL from the District Court of Nacogdoches. Tried below before Hon. TOM C. DAVIS.

Appeal from a conviction for burglary; penalty, confinement for two years in the reformatory.

The evidence shows that defendant was about 13 years of age at the trial, and was small for his age. The burglarized house was a baker's shop, and some candy and 35 cents in money were taken from the house. Defendant, after he had been duly warned, made a confession to the county attorney. This confession was admitted in evidence over defendant's objections.

No brief has come to the hands of the Reporter.

*Robt. A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the reformatory for a term of two years; hence this appeal.

Appellant objected to the introduction of his confessions, testified to by the witness Jos. Reindle; it being claimed by him in that connection that defendant was between 9 and 13 years of age, and the State

not having shown that defendant had discretion enough to know the consequences of the crime or of the act.. The same character of confession was also adduced on the part of the State by the witness George King. We do not understand that, before the confession of defendant can be used, it must be shown, where he is between 9 and 13 years of age, that he has intelligence and discretion enough to understand the criminality of the act charged against him. The confession of a defendant is regulated by another statute; that is, where the party is shown to be under arrest, as in this case (so far as the testimony of George King is concerned), it must be shown that the party was duly cautioned or warned that his confession might be used against him. Article 790, Code Crim. Proc. A witness may not know the criminality of an act, on account of tender years, and yet be capable of testifying in the courts. Article 768, Code of Criminal Procedure, provides that children are not competent to testify in courts, who do not possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath. Colter v. State, 37 Texas Crim. Rep., 284; Murphy v. State, 36 Texas Crim. Rep., 24. We think that, by analogy, the above statute might be applied as a test of the admissibility of confessions; that is, if the party against whom the confessions are introduced is shown not to possess sufficient intelligence to make a statement as to the transaction interrogated about, or has not sufficient intelligence to understand the nature and obligation of an oath, that the statement or confession of such witness ought not to be received in evidence. But no such objection was urged to the confessions in this case. It was simply stated that the confession could not be used, because the State had not previously shown the capacity of the witness to commit the crime. To carry out this proposition would involve the ascertainment by the court, in the first instance, that the witness possessed sufficient intelligence and capacity to commit the crime charged. This rule is not laid down as to the admissibility of confessions, but is a statutory rule set up as a safeguard against the conviction of one of tender years unless a criminal capacity is shown.

There was no error in the action of the court authorizing the introduction of A. J. Spradley. This witness was sheriff of the county, and was excused from the operation of the rule; and it was competent for the State to introduce him, and utilize his testimony in the matter about which he testified.

Appellant objected to the jury, when they retired to consider their verdict, taking with them the school roll of the Independent School District of Nacogdoches County. If this had been objected to when offered as evidence, another question would arise; but it was introduced in evidence without objection, and it was competent for the jury to carry that or any other testimony introduced before them in their retirement, by leave of the court. Besides, no possible prejudice is shown to have resulted to appellant on account of the jury taking with them said school roll.

Nor was there any error, in our opinion, in the action of the court overruling the motion for new trial because of the alleged misconduct of the jury. The bill does not inform us as to any fact considered by the jury which was not offered in evidence. Certain jurors testified that the manner in which defendant had been raised was discussed, and they arrived at their verdict, after discussing the aforesaid matter in the belief that it was the best thing they could do for the boy, to place him in the reformatory for a term of two years where he could have the advantage of religious and moral training. Looking at the record in this case, it is difficult to see how the jury could have done otherwise than convict him. They gave him the lowest term of punishment, and no possible prejudice is shown. The judgment is affirmed.

*Affirmed.*