## J. B. CROSS v. THE STATE.

### No. 3542. Decided March 7, 1906.

**1.—Selling Intoxicants to a Minor—Evidence.**

Upon a trial for selling intoxicants to a minor, there was no error to refuse testimony by the defense that the defendant, on another occasion than that alleged in the indictment, refused to sell liquor of an intoxicating nature to another minor.

**2.—Same—Evidence—Appearance of Minor.**

Where upon a trial for selling intoxicants to a minor, the evidence showed that the alleged purchaser had all the appearances of being a minor at the time the defendant sold intoxicants to him, and that he sold them in territory that was not under the local option law when the sale was made, the conviction was sustained.

**3.—Same—Local Option Law—Constitutional Law.**

The local option law in this State cannot be put into operation except by a vote of the people within the prohibited territory, and when placed in operation only covers the metes and bounds in which it is put into operation; and the law with reference to committing offenses within 400 yards of the line does not apply to the local option law.

Appeal from the County Court of Tarrant. Tried below before the Hon. R. F. Milam.

Appeal from a conviction of selling intoxicants to a minor; penalty, a fine of $50.

The opinion states the case.

*W. C. Prewitt,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for selling intoxicants to a minor, the punishment asessed at a fine of $50. The alleged purchaser is Hayne Young, who testified that on April 14, 1905, he bought from appellant a glass of beer; that appellant was engaged in the liquor and grocery business in a house about one block from the line which divides Fort Worth from Glenwood. Local option was in force at Glenwood at the time. He had no written consent of his parents or guardian for the sale of beer by appellant to himself; that defendant's place of business is located just out of the boundary line of Glenwood; that he never saw appellant but once, and that was on the occasion about which he was testifying; that he had bought beer from other persons, but never made any complaint against them for selling to him. "I bought this beer from defendant for the purpose of making a complaint against him; and did it for the purpose of helping my brother, Rev. J. D. Young, drive the defendant out of the liquor business. My brother was opposed to the business, because he was a preacher, and because local option was in

○

force in Glenwood, where he lived. * * * I never selected any guardian for myself; nor has a guardian ever been appointed by the probate court for me, but I live with my brother, Rev. J. D. Young, and he supports me. I am six feet tall, weigh about 145 pounds. I do not know whether defendant knew I was a minor or not. I did not tell him whether I was a minor or not. Harry Long, and H. Matthews and Claude Ames were in defendant's place of business on the night I bought the beer. I heard defendant refuse to sell beer to Claude Ames on the night I bought from defendant. I do not know why defendant refused to sell beer to Claude Ames." Rev. J. D. Young testified: "I am a preacher of the Gospel, and live in Glenwood, and a brother of Hayne Young, who is a minor and lives with me. I know defendant. My brother Hayne Young told me about buying beer from defendant. After this defendant told me he had sold beer to my brother, but he would not have done so had he known he was my brother. Defendant also said to me in this connection, if we would dismiss the cases against him he would go out of the liquor business, which he has since done. Hayne does not look to be over 16 or 17 years of age. He has the appearance of being about 17 years old.

Ames testified that he was in appellant's place of business when defendant sold the beer to Hayne Young, and appellant refused to sell to him (the witness) ; and that he had seen him refuse to sell beer to minors on other occasions. This witness stated he was 22 years of age, and five feet six inches in height.

Appellant testified in his own behalf, that if he ever sold beer to Hayne Young, he did not know it; and would not have done so if he had known or believed he was a minor; that he has frequently refused to sell beer to minors, and if he sold beer to Hayne Young, he believed in good faith he was not a minor. He further says: "I did say to Rev. J. D. Young, that if the people of Glenwood would let me alone and have the cases against me dismissed, I would go out of the beer business, and I have done so. I am 47 years of age, and was never accused of crime or arrested before in my life. I have been arrested in three other cases for selling beer to minors. The cases were all made at the same time." Judge Smith (one of the district judges of Tarrant County) testified to the good character and reputation of appellant for truth and veracity and peace and quietude.

There is one bill of exceptions in the record, which states that appellant proposed to show by the witness Claude Ames, that he was present when it is alleged defendant sold the beer to Hayne Young, and defendant refused to sell him (the witness) beer at the same time, etc. This was offered to show good faith on the part of appellant. We believe this testimony was not admissible. There is no contradiction in regard to this testimony, that the alleged purchaser had all the appearances of being a minor at the time appellant sold to him, and if this testimony was worth anything it was sufficiently

testified by the witness as already stated. As a rule evidence of this character is not admissible to show a party is not guilty of another offense.

It is urged as a ground of the motion for new trial that this conviction cannot stand, because the beer was sold not in local option territory but outside and within four hundred yards of the local option precinct. In regard to this, witness Hayne Young testified on direct examination that local option was not in force in that precinct. On cross-examination he testified that it was in force in Glenwood, and that he purchased this beer in order to assist his brother, the Rev. Young, in working up a case to prosecute appellant. If the beer was sold in local option territory, appellant was not guilty of selling to a minor, because the local option law, would supplant the law with reference to selling to minors as uniformly decided by this court. In other words, whenever the local option law is put into operation, it takes the place of all other kinds and character of sale of intoxicants and supersedes all laws in regard to sales of intoxicants. If as a matter of fact local option was not in force, when the sale was made to the minor, then it was in violation of the statute which ·prohibits' the sale to minors. If the sale occurred in a territory in which the local option law was not in force, but within four hundred yards of the line of such local option territory, then it would not violate the local option law. The statute with reference to venue where prosecutions are authorized for violations of law in an adjoining territory, when the offense should have taken place within four hundred yards of the dividing line, does not apply to local option territory. Weldon v. State, 36 Texas Crim. Rep., 34. This is so obviously true from the wording of the Constitution, that it does not need to be discussed. Local option law in our State cannot be put into operation except by a vote of the people within the prohibited territory, or as the Constitution puts it, "Within the prescribed limits" and when placed in operation that law only covers the metes and bounds in which it is put into operation. It does not extend beyond the line in any direction, but is limited and hedged strictly by the boundary lines of the local option territory. Const.; art. 16, sec. 20. The judgment is affirmed.                                    *Affirmed.*