### E. E. Blackburn v. The State.

No. 3987.   Decided March 15, 1916.

Rehearing denied May 10, 1916.

**1.—Pursuing Occupation—Intoxicating Liquors—Agency.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the evidence showed that the defendant bought the whisky at one price and sold it at a profit to the prosecuting witness, the same constituted a sale in law, and a conviction is sustained. Following Bogle v. State, 42 Texas Crim. Rep., 391, and the question of agency is not involved.

**2.—Same—Place of Sale—Definition of Sale—Rule Stated.**

The place of sale is to be determined by actual delivery and parting of the seller with the property in the liquor; whenever this occurs the sale is made. Following Weldon v. State, 36 Texas Crim. Rep., 34, and other cases.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the evidence sustained a conviction, there was no reversible error.

Appeal from the District Court of San Saba. Tried below before the Hon. N. T. Stubbs.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in prohibition territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Flack & Flack,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of pursuing the business of selling intoxicating liquor in prohibition territory, and his punishment assessed at two years confinement in the State penitentiary.

Appellant's chief contention is that the court erred in refusing to submit the issue of whether or not appellant was the agent of Luke Taylor in securing the whisky he delivered to Luke Taylor and for which Luke Taylor paid him. He bases this contention on the testimony of Luke Taylor, who testified: "I know Mr. Blackburn, the defendant. Just before the Menard term of court last spring, as I was going to or coming from breakfast, he met me near the wagon yard and asked me if I wanted some whisky, and I told him that I did. He told me it cost him a dollar in Llano, and that I would have to pay him a dollar and a quarter for it. I told him I would take two quarts, and gave him $2.50, when he says, 'I haven't got any whisky here myself, but there is a fellow in the yard that has got some—maybe I can get it for you.' He told me to go to his room and wait. I did so, and he came and brought me the two quarts—he said he had seen the fellow and got it."

We do not think this raises the question that appellant, by the course of dealing, became the agent of Luke Taylor in procuring the whisky. He approached Luke Taylor and asked him if he wanted some whisky, and when Luke Taylor said he did, appellant told him it would cost him $1 in Llano, and he would have to charge Luke Taylor $1.25 for it in San Saba. It was immaterial with Luke Taylor whether appellant got the whisky in a wagon yard at San Saba, or went to Llano and got it. He had been told by appellant that he would have to pay $1 for it, and was going to and did charge him, Luke Taylor, $1.25 per bottle—appellant having a profit in the transaction—thus evidencing

by his statements that he was going to buy it at one price, wherever he secured it, and sell it to Luke Taylor at another price. In the case of Bogle v. State, 42 Texas Crim. Rep., 391, this court held: "The beer was ordered from Dallas. The facts show that the real price was $8, and the 50 cents was freight. So, to sum up, the evidence without contradictions shows that the beer was delivered to the purchaser at Greenville, in Hunt County, over the line of railroad, the freight being added to the real price. As we understand the rule in this State, this constituted a sale in Hunt County."

Place of sale is to be determined by actual delivery and parting of the seller with the property in the liquor. Whenever this occurs the sale is made. Weldon v. State, 36 Texas Crim. Rep., 34; Sinclair v. State, 41 Texas Crim. Rep., 487; Bruce v. State, 36 Texas Crim. Rep., 53.

The testimony does not make him the agent of Luke Taylor. What he says is, the liquor will cost me (appellant) $1, and it will cost you $1.25. If he was getting it as the agent of Luke Taylor, when the liquor was purchased it would become the property of Luke Taylor, and appellant would have no right to make an additional charge for the whisky. The whole conversation shows that appellant was purchasing the liquor at one price for himself and would sell it to Luke Taylor at another price. The evidence shows a sale by appellant, and does not suggest that he was merely acting as agent of Luke Taylor in the transaction. Therefore, the court did not err in submitting that issue. The fact that the indictment alleged two sales to Luke Taylor, and the proof only showed one sale to him, does not vitiate the conviction. The indictment also alleged a sale to G. S. Riggs, and the proof authorizing a finding that he made these sales, one to Luke Taylor and one to G. S. Riggs, would meet the requirements of the law in requiring that two sales be proven before a conviction for pursuing the occupation can be sustained. The incidents connected with the sales and the manner of the sales would support a finding that appellant was pursuing the business, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied May 10, 1916.—Reporter.]