JOHN ANGELL v. THE STATE.

When a party resisting arrest attempts to kill the officer, while the latter in
    the line of his duty is making the arrest, but by accident kills a third
    person, the killing is murder.   (See 1 Russell on Crimes, Sections 532,
    592; Wharton's Criminal Law, Section 1031.)

APPEAL from Harrison.   Tried below before the Hon. J. B.
Williamson.

    The facts of the case are sufficiently stated in the  opinion of
the court.

No brief for the appellants has reached the hands of the re-
porter.

Wm. Alexander, Attorney-General, for the State.

OGDEN, J.    That sheriffs, constables, and conservators of the peace generally, while in the lawful discharge of their official duties, are under the peculiar protection of the law, there can be no doubt.    A policeman under our law is a conservator of the peace, and is entitled to the same protection in the execution of his duty as sheriffs and constables. (Russell on Crimes, Vol. I., p. 533 ; 2 Wharton's Criminal Law, 1031.)    The rights of every citizen in the community require it, and the public peace and tranquillity demand it.    It is the especial duty of all officers of that class to interpose their official authority to prevent crime of every character, and to preserve the peace of society; and the law in imposing this duty upon them has also conferred upon them the necessary authority and privileges to the full execution of their peculiar duty, and it punishes with increased severity all assaults upon such officials while in the lawful discharge of their duty, and every interference or resistance to their lawful authority. (2 Bishop's Criminal Law, 918.)

A constable or policeman is authorized to arrest a person who, in a fit of drunkenness, by loud noise, or otherwise, is disturbing the peace of society; and if in the attempt at making the arrest, the officer is resisted and killed, the killing is murder (1 Russell on Crimes, 532 and 592 ; Wharton's American Criminal Law, 1042; Archbold's Criminal Practice, 29); and if, in the attempt to kill the officer making the arrest, a third person is killed by accident, it is murder. (1 Russell on Crimes, 532 and 592 ; Wharton's American Criminal Law, 1031.)    Indeed, it is laid down as a general rule, that if a man, designing to kill another, kills by mistake a third person, the killing of such third person is murder. (Wharton's American Criminal Law, 997.)

In the case at bar there is no denial that the defendant had been drinking, and was laughing and talking and making a noise on the streets of the city of Marshall at night, and bleating like a goat; that Poland, the chief of police, and Thompson, a policeman, attempted to arrest the defendant, who resisted, and drawing a pistol, threatened to blow a hole through Poland.    About this time other persons came up, one of whom

took hold of defendant. A scuffle ensued, during which defendant drew his pistol and fired, killing his friend, Harris; and one of the witnesses testified that when Harris fell, defendant said he thought he was shooting Poland. It appears from the testimony that Thompson saw the defendant, just before the attempted arrest, in a grocery with Cox, and from their conversation he apprehended a difficulty, and that he heard defendant bleating like a goat, and informed Poland of those facts, who went with him to assist in making the arrest. There can be no doubt that under these circumstances it was the duty of Thompson and Poland to arrest the defendant, and his resistance was a violation of the law, and now the law will hold him responsible for the consequences.

We think the law applicable to the facts proven was clearly presented to the jury in the charge of the court. And upon the facts and the law the jury found the defendant guilty of murder in the second degree, and assessed his punishment at five years in the penitentiary; and we are not prepared to say that their verdict is contrary to the law or the facts of the case, or that the punishment assessed is excessive. The judgment is therefore affirmed.

Affirmed.