MANUEL (BUD) McCULLOUGH v. THE STATE.

No. 1147. Decided April 26, 1911.

1.—Murder—Charge of Court—Murder in the Second Degree—Accidental Killing—Malice.

Where defendant claimed accidental killing of the deceased, it was reversible error to refuse a requested charge that if defendant was actuated by express malice in attempting to kill another and accidentally killed deceased, that homicide would be murder in the second degree. Following Fretwell v. State, 43 Texas Crim. Rep., 503, and other cases.

2.—Same—Charge of Court—Accidental Killing.

Where, upon trial of murder, the evidence raised the issue of justifiable homicide if defendant shot at another in self-defense and accidentally killed the deceased, it was reversible error not to submit this issue.

3.—Same—Manslaughter—Charge of Court.

Where the slayer is not actuated by malice and is not acting in self-defence but under the influence of sudden passion arising from adequate cause, the court should instruct on manslaughter.

Appeal from the District Court of Fayette. Tried below before the Hon. B. G. Neighbors, Special Judge.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*Edward H. Moss,* for appellant.—Upon question of not submitting proper charges on the issue of murder in the second degree, manslaughter and self-defense: Musick v. State, 21 Texas Crim. App., 69, 18 S. W. Rep., 95; Breedlove v. State, 26 Texas Crim. App., 445,

9 S. W. Rep., 768; Miller v. State, 105 S. W. Rep., 502, and cases cited in the opinion.

*C. E. Lane*, Assistant Attorney-General, for the State.—On question of murder in the second degree:· Ex parte Jones, 31 Texas Crim. App., 422; Jones v. State, 3 Texas Crim. App., 150; McCoy v. State, 25 Texas, 33, and cases cited in opinion.

DAVIDSON, Presiding Judge.—The jury gave appellant a life sentence for the murder of his wife.

The sister-in-law of appellant, Ollie Jamison, was the main State witness. In brief, she testified that appellant and his wife had been having trouble, and the night preceding the homicide in the early morning deceased had spent the night at her mother's. Appellant spent the night at his home, a short distance away. The morning of the homicide he went after his wife, carrying a shotgun. She finally accompanied him in the direction of home. En route they were met by Ollie Jamison, sister of the deceased. This witness testified that her sister was crying, stating that appellant had informed her he intended to kill her. Jamison interceded and the wife took refuge behind Jamison, and Jamison testifies that appellant shot his wife over her head; that witness then ran and appellant fired at her twice, missing her the first shot, but striking her in the arm the second shot. The wound was in front, practically tearing away the front and left side of the head of deceased. The wound, however, did not break the tissues of the brain. Deceased lived something· like two months and died. It is deemed unnecessary to go into a further detailed statement of the State's side of the case, as the questions to be discussed are not determined from the State's evidence. Appellant took the stand in his own behalf, and contradicted Jamison as to the events transpiring at the time of the homicide, denying almost, if not entirely, the testimony of Jamison as to the condition of the parties up to and at the time of the firing of the shots. He states Jamison was armed with a rock and pocketknife, and sought to assault him. That resisting this assault, he shot at her and accidentally shot his wife. That he had no intention of shooting his wife. The State's theory was further that Jamison did not have the rock or knife.

1. The court submitted, in a general way, and perhaps sufficiently, the theory of accidental killing, viewed from the standpoint of self-defense against the attack made upon appellant by Jamison. The substance of this charge was that if Jamison had made an assault upon him and he shot at her in self-defense, the killing of his wife would not constitute him guilty, and the jury should acquit. Appellant asked a charge, which was refused. Without stating the charge in full, it sought to submit to the jury the issue that if appellant shot his wife and had no intent to do so, but that he was actuated

by express malice in attempting to kill Ollie Jamison, and failing to kill her accidentally killed his wife, the homicide would be of no higher degree than murder in the second degree. Under appellant's evidence this charge ought to have been given. Article 48 of the Penal Code provides, as follows:

"If one intending to commit a felony, and in the act of preparing for or executing the same, shall through mistake or accident do another act which, if voluntarily done, would be a felony, he shall receive the punishment affixed by law to the offense actually committed."

It has been universally held in this State, under this statute, that if a party attempting to kill another, actuated by express malice toward the party intended to be killed, accidentally kills a third party, the offense would be murder in the second degree. Fretwell v. State, 43 Texas Crim. Rep., 501; Clark v. State, 19 Texas Crim. App., 495; McCoy v. State, 25 Texas, 33; Angell v. State, 36 Texas, 542; 3 Texas Crim. App., 387; 3 Texas Crim. App., 656; 13 Texas Crim. App., 390; 21 Texas Crim. App., 69; Breedlove v. State, 26 Texas Crim. App., 445; Richards v. State, 35 Texas Crim. Rep., 38; Smith v. State, 95 S. W. Rep., 1057; Carter v. State, 30 Texas Crim. Rep., 551; Honeycutt v. State, 42 Texas Crim. Rep., 129; Reed v. State, 11 Texas Crim. App., 509. For collation of other authorities see Honeycutt v. State, supra. These are a sufficient number of cases to cite in support of the above proposition. There has been no authorities to the contrary.

If appellant shot at Ollie Jamison with either his express or implied malice, and killed his wife without intending to kill her, his offense would be murder in the second degree. The court failed to charge this view of the law, and such failure is necessarily reversible error. The court may not have believed any of the testimony except Jamison's, but it is the province of the jury to solve issues of fact under appropriate instructions.

2. Appellant requested an instruction submitting the issues of justifiable homicide if he shot at Ollie Jamison in self-defense and accidentally killed his wife. This charge was refused. This was an issue in the case, but we are of opinion the court sufficiently submitted this issue, and that being the case, it was not error to refuse to repeat the charge. The authorities are without dissent, so far as we are aware, that the accidental killing of a third party by the accused acting in self-defense would constitute justifiable homicide. This is decided in Fretwell v. State, 43 Texas Crim. Rep., 501; Plummer v. State, 4 Texas Crim. App., 310, and Clark v. State, 19 Texas Crim. App., 495. This conclusion would be an inevitable result from the wording of article 48 of the Penal Code already quoted.

While not necessary to the decision of this case, it may be well enough to say further that where the killing is an unintentional homicide of a different person from the one intended, but where the

slayer is not actuated by malice, nor is acting in self-defense, but while the mind is under the immediate influence of sudden passion arising from adequate cause such as anger, rage, sudden resentment or terror, rendering his mind incapable of cool reflection, the crime would be of no higher grade than manslaughter, because the intended crime would have been manslaughter. The authorities already cited sustain this proposition.

Because of the error on the part of the court refusing to give the special requested instructions and the principle therein announced this judgment must be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*