## T. B. CARAWAY V. THE STATE.

No. 7841.   Decided Nov. 14, 1923.

Rehearing denied June 27, 1924.

**1.—Manslaughter—Attorney and Client.**

Where two attorneys had previously been employed by the appellant and one of them was absent for business reasons, at the time of the trial, but the other, a skillful and experienced lawyer was present, and faithfully represented appellant, there was no error in overruling a motion to postpone. Following: Usher v. State, 47 Texas Crim. Rep., 93.

**2.—Same—Unintentional Killing—Shooting at Certain Person but Killing Another.**

In shooting at Will Jackson, appellant unintentionally killed Marvin Leo Jackson, his guilt or innocence depends on whether the act of firing at Will Jackson was culpable or justifiable. Following: Richards v. State, 35 Texas Crim. Rep., 39, and where the court so instructed the jury, there is no reversible error.

**3.—Same—Provoking Difficulty—Self-Defense.**

If Will Jackson attacked the appellant and he fired to defend his life against such attack, but the attack was brought on by his own words or conduct reasonably calculated to bring on the difficulty, and it was so intended in order that appellant might kill or injure Will Jackson, the firing of the shot was not justifiable under the law of self-defense.

**4.—Same—Murder—Malice—Charge of Court.**

Where, upon trial of murder and a conviction of manslaughter, there was sufficient evidence of malice, the court correctly charged on murder; besides, the verdict for manslaughter eliminates the question of murder.

5.—Same—Indictment—Pleading.

No pleading, other than a charge of murder of Marvin Leo Jackson, was necessary to render relevant evidence which would have been proper had the shot killed Will Jackson instead of his son. Following: Washington v. State, 8 Texas Crim. App., 377, and other cases.

6.—Same—Manslaughter—Provocation— Charge of Court.

The criticism of the charge on manslaughter because of the use of the term "the provocation must arise at the time" is without merit, as the charge further explains to the jury in appropriate language that while the provocation must arise at the time of the offense and must not be the result of the former provocation, yet the former conduct and relation of the parties may be considered in connection with the present provocation.

7.—Same—Suspended Sentence—Charge of Court.

There was no error in the court's charge to the jury with reference to the suspended sentence and telling them that if they found the appellant guilty of manslaughter and fixed the punishment at not exceeding five years, they were privileged to suspend the sentence.

8.—Same—Provoking Difficulty—Charge of Court—Intent—Rehearing.

One whose acts provoke a situation wherein he has to defend himself, who does so without intending thereby to provoke a difficulty, or who does so without intent to use the provoked assault as a pretext for killing or injury, does not thereby forfeit his right of perfect self-defense, and where the charge of the court in the instant case is stripped of instruction as to any intent of appellant, and wholly fails to submit the converse of the proposition, the same is reversible error. Following: Mason v. State, 88 Texas Crim. Rep., 642.

Appeal from the District Court of Hardin. Tried below before the Honorable J. M. Combs.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Dycus & Shivers,* for appellant.—On question of postponement on account of absence of attorney: Daugherty v. State, 26 S. W. Rep., 60; Thompson v. State, 78 id., 449.

On question of charge of court on suspended sentence: Cook v. State, 165 S. W. Rep., 573.

On question of provoking difficulty: Gaines v. State, 127 S. W. Rep., 187; Garza v. State, 88 id., 231.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Under an indictment for murder, appellant was convicted of manslaughter; punishment fixed at confinement in the penitentiary for a period of five years.

The appellant and Will Jackson lived upon adjoining farms. Will Jackson's wife was appellant's sister. Appellant fired at Will Jackson and unintentionally killed Marvin Leo Jackson, the infant son of Will Jackson. The following is appellant's version: Some weeks earlier, he and Will Jackson quarreled. Jackson said to appellant: "You go on home and get your d—n gun, come back and I will buckshot it with you." Appellant replied: "You stay on your side of the fence, and I will stay on mine, d—n you." On the day of the tragedy, appellant's dog caught a hog which was in his field, and he threw the hog over the fence. Will Jackson accosted appellant with an epithet and said: "That will be one hog you will have to pay for." Appellant, using an epithet said: "I will be back here directly to put the rest of them out." Jackson went in his house and appellant went for his gun. On his return, Mrs. Jackson was trying to drive some pigs out of appellant's field. He picked up a stick to help her. They quarreled and she was ordered out of appellant's field. She grabbed his gun and said she would take it away from him. Thinking she was trying to disarm him, he struck her with the stick. During the scuffle, Jackson came out of his door with his shotgun. He fired, a number of shots striking the appellant. The appellant then fired both barrels of his gun at Jackson.

The State's version is to the effect that when appellant dogged the hog and threw it over the fence, Jackson said, "Dad blame your hide, you will pay for it." Appellant said, "I will be back here in a minute with that gun." Mrs. Jackson went into the field and was running the pigs out. She told Jackson that the appellant was coming with his gun. Jackson told appellant that his fence was bad and that he had no right to hurt the hog. Appellant picked up a sprout and hit Mrs. Jackson with it. She gave him a shove and he hit her in the mouth. Jackson ran for his gun which he had previously laid on the bed. After getting his gun, he put his head out the door and appellant fired both barrels of his gun at once. Jackson immediately returned the fire. The shots fired by appellant killed the little boy, Marvin Leo Jackson, who was sitting in the kitchen door with his feet on the step.

The trial took place about a year after the indictment. Two attorneys had previously been employed by the appellant. One of them was absent for business reasons at the time of the trial. The other, a skilful and experienced lawyer, was present and faithfully represented appellant in conducting the trial. In refusing to postpone the trial, the court was not in error. Walker v. State, 13 Texas Crim. App., 618; Usher v. State, 47 Texas Crim. Rep., 93; Branch's Ann. Tex. P. C., Sec. 342.

In shooting at Will Jackson, appellant unintentionally killed Marvin Leo Jackson. His guilt or innocence depends on whether the act of firing at Will Jackson was culpable or justifiable. Richards

v. State, 35 Texas Crim. Rep., 39; Branch's Ann. Tex. P. C., Sec. 1901. If appellant, in firing at Will Jackson, was justifiable under the law of self-defense, the fact that the shot intended for Will Jackson killed the deceased constituted no offense. Plummer v. State, 4 Texas Crim. App., 310; McCullough v. State, 62 Texas Crim. Rep., 126; Spennell v. State, 83 Texas Crim. Rep., 18; Branch's Ann. Tex. P. C., p. 1055. This the jury was told in the court's charge. If the shot which killed the deceased was fired at Will Jackson under the influence of a sudden passion, arising from an adequate cause and rendering the mind of the appellant incapable of cool reflection and the killing was not justified under the law of self-defense, the offense was manslaughter. Clark v. State, 19 Texas Crim. App., 495; Branch's Ann. Tex. P. C., p. 1055. The jury was so instructed.

If Will Jackson attacked the appellant and he fired to defend his life against such attack, but the attack was brought on by his own words or conduct reasonably calculated to bring on a difficulty and was so intended in order that appellant might kill or injure Will Jackson, the firing of the shot was not justifiable under the law of self-defense. Branch's Crim. Law., Sec. 464. The evidence warranted the trial court in so instructing the jury and in doing so, no error was committed.

There was sufficient evidence of malice toward Will Jackson to warrant the charge on murder. Besides, the verdict eliminated the question of murder.

No pleading other than a charge of murder of Marvin Leo Jackson was necessary to render relevant evidence which would have been proper had the shot killed Will Jackson instead of his son. In a trial for murder, all attendant facts are admissible in evidence. Cyc. of Law & Proc., Vol. 21, p. 689. So with the previous difficulties. Washington v. State, 8 Texas Crim. App., 377; Howard v. State, 25 Texas Crim. Rep., 686; Branch's Ann. Tex. P. C., Sec. 1881.

The criticism of the charge on manslaughter because of the use of the term "the provocation must arise at the time" is without merit. In the same paragraph of the charge this expression is qualified and explained to the jury in appropriate language showing that while the provocation must arise at the time the offense is committed and must not be the result of the former provocation, yet the former conduct and relations of the parties may be considered in connection with the present provocation. The language selected is, in substance, such as has frequently been sanctioned by this court, nor does the fact that the court used the words "sudden passion" render confusing or contradictory the further statement in the charge on manslaughter that the jury may take into consideration the facts and circumstances occurring prior to the homicide. The passion may be sudden though antecedent matters contribute.

There was no error, we think, in the court instructing the jury touching the suspended sentence; that if they found the appellant *guilty of manslaughter and fixed the punishment at not exceeding five years,* they were privileged to suspend the sentence.

All complaints of the manner of trial have been considered. However, none of them furnish ground for reversal.

Finding nothing in the record which authorizes a reversal of the judgment, it is affirmed.

*Affirmed.*

. ON REHEARING.

June 27, 1924.

LATTIMORE, JUDGE.—In appellant's motion for rehearing our attention is called to certain matters complained of which were not adverted to in our original opinion. The court charged on provoking the difficulty. The language of the charge applying the law of such issue to the facts is as follows:

''Now, if you believe from the evidence, beyond a reasonable doubt, that the defendant shot at the said Will Jackson, if he did shoot at him, did so under circumstances that otherwise would be self-defense as explained in this charge, but that the said Caraway, the defendant, was guilty of acts which provoked the situation requiring him to defend himself, and that under such circumstances he fired upon the said Will Jackson with intent to kill him, but by mistake or accident killed the said Marvin Leo Jackson, then you will find him guilty of manslaughter and assess his punishment at confinement in the penitentiary for any term of years not less than two nor more than five.''

This charge was excepted to from various angles. That it is erroneous is apparent. One whose acts provoke a situation wherein he has to defend himself, who does so without intending thereby to provoke a difficulty, or who does so without intent to use the provoked assault as a pretext for killing or injury,—does not thereby forfeit his right of perfect self-defense. The charge quoted is stripped of instruction as to any intent of appellant in the premises. There was no question but that he went to the place where the shooting occurred, carrying his gun; nor of the fact that at said place and while in his own field but near the home of Will Jackson, he struck Jackson's wife with a stick and almost immediately thereafter appellant and Jackson fired at each other at or about the same time. It thus could easily be seen how hurtful might be the instruction given, unless qualified by the further statement to the effect that in order to forfeit his right of self-defense the defendant must have intended by his acts to provoke such difficulty, which he purposed using as a pretext, etc. and that what he did was reasonably calculated to effect that purpose.

Another thing,—said charge on provoking the difficulty wholly fails to submit the converse of said proposition, and made no application of the law to the facts in case the jury found there was no intention on the part of appellant to provoke a difficulty in what he did. Mr. Branch collates many authorities in Sec. 1958 of his Annotated P. C. which hold that it is error to refuse to charge the converse of such theory when the affirmative thereof is submitted. The matter is discussed at some length in Mason v. State, 88 Texas Crim. Rep., 642, 228 S. W. Rep., 952.

Believing upon more mature reflection that the charge of the court was fatally defective in the matters above discussed, and that we erred in our affirmance, the motion for rehearing will be granted, the affirmance set aside and the judgment now reversed and the cause remanded.

*Reversed and remanded.*