### HAMILTON KERR V. THE STATE.

No. 19411.  Delivered February 23, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

Lovett & Lovett and J. S. Callicutt, all of Corsicana, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Willie Fountain by shooting him with a gun.

Appellant and his wife had become estranged due to the fact that she and deceased had shown some affection for each other. Sometime prior to the homicide appellant's wife had given deceased a lock of her hair which he had worn on his hat. It appears from the testimony of the appellant that he and his

wife had adjusted their differences and she had gone back to him. She was desirous of obtaining her lock of hair, and went with appellant to the home of deceased for the purpose of having him turn over to her this token of her love. Appellant carried a shotgun. According to the testimony of the State, his wife entered the house and asked deceased for her plait of hair, telling him that her husband wanted it. The State's testimony was to the further effect that at this juncture appellant shot deceased without provocation. According to appellant's version, deceased reached under a bed where he had been accustomed to keep a pistol, and believing that deceased would kill him, he fired in self-defense. It appears from the testimony of the State that deceased had no gun under the bed and made no demonstration at the time appellant shot him. Moreover, the version of the State was to the effect that appellant had compelled his wife to go to the home of deceased on the occasion in question.

We are unable to agree with appellant that the evidence is not sufficient to support a conviction for murder with malice.

Appellant complains of the refusal of the court to quash the venire on the ground that the jurors were not summoned in person by the officers of the court. No bill of exception in support of the averments of the motion is brought forward. It is unnecessary to determine whether a sufficient ground for quashing the venire was embraced in the motion.

Bill of exception No. 2 is concerned with the action of the court in overruling appellant's application for a continuance, it being alleged that one of counsel for appellant was ill and unable to participate in the trial. The bill, as qualified, shows that Honorable Norris W. Lovett, another of appellant's counsel, was an attorney of experience in the trial of criminal cases and that he ably represented appellant throughout the trial. We think the bill, as qualified, fails to reflect error. We quote from Branch's Ann. Texas P. C., Sec. 342, as follows:

"A judgment will not ordinarily be reversed because of the refusal of the court to postpone or continue the case on account of the absence of leading counsel where the record shows that associate counsel ably represented the defendant."

Appellant excepted to paragraph 11 of the court's charge on the ground that it did not clearly apply the law to the facts on the subject of apparent danger. It is observed that in paragraph 13 of the charge the court instructed the jury as follows: "If you believe from the evidence beyond a reasonable doubt that the defendant, at the time and place alleged in the indictment, shot and killed Willie Fountain with a gun, but you fur-

ther believe from the evidence that at the time of so doing, if he did, that from the words, acts or conduct of the deceased, if any, viewed from the standpoint of the defendant, under all the facts and circumstances within his knowledge, that it reasonably appeared to the defendant that his life or person was in danger, and there was created in the mind of the defendant a reasonable expectation or fear of death or serious bodily injury being inflicted upon the defendant, and that acting under such reasonable expectation or fear, the defendant then and there shot and killed the said Willie Fountain, then you should acquit the defendant; or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense when he killed the said Willie Fountain, if he did, then you should give the defendant the benefit of the doubt and acquit him and say by your verdict 'not guilty'."

We think the foregoing instruction sufficiently applied the law to the facts.

Appellant sought to have the jury instructed that he had the right under the law to seek the deceased and demand an explanation and apology relative to the deceased's relations with his wife. We think the evidence fails to show that appellant went to the home of deceased for the purpose of demanding an explanation. According to appellant's testimony, he went with his wife to the scene of the homicide in order that she might recover her plait of hair. At all events, the court in no manner limited appellant's right of self-defense. It is the rule that "if the court does not limit the defendant's right of self-defense by a charge on provoking the difficulty, or otherwise, but gives him the perfect right of self-defense on every defensive theory, it is not error to refuse to charge on his right to arm himself and seek an explanation." Branch's Ann. P. C., Sec. 1950.

What we have just said is applicable also to appellant's bills of exception Nos. 7 and 8.

It appears from bill of exception No. 13 that the court, in the presence of the jury, reprimanded counsel for appellant and threatened to send him to jail. The bill, as qualified by the court, recites that counsel had made no objection to the manner in which the district attorney was cross-examining the appellant, and that the appellant was not being in any manner browbeaten or mistreated by the district attorney. Again, the qualification is to the effect that counsel for appellant "arose from the counsel table waving a handkerchief in his hand" and said "Wait a minute; this is a poor country negro; he has no right to abuse this negro." We quote from the qualification as follows:

"He [counsel for appellant] repeated the substance of his remarks at least twice, referring to the defendant also as an ignorant cornfield negro, and intimating that the district attorney was browbeating and mistreating him, and that the court was permitting it to be done." Again, the qualification recites that the court cautioned counsel and finally requested that he be seated, stating that the remarks were not made in the form of an objection, and that the court thought they were improper. Counsel refused to take his seat and had again started speaking when the court reprimanded him, with the statement that if he continued his conduct he would send him to jail. We think the bill of exception, as qualified, fails to reflect reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have again examined the record as it relates to the matters urged in appellant's motion for rehearing. It appears to us that the proper disposition was made of the case in our original opinion. As requested by appellant in his motion we have read all the authorities cited in his original brief bearing upon the complaint brought forward in bill of exception number thirteen. Those cases reflect a situation in which the words or conduct of the trial judge conveyed either directly or indirectly the views of the court regarding the evidence of some witness in connection with a reprimand of counsel. We think nothing of that kind appears from the bill in question here. Such incidents are to be regretted. However, the trial court's qualification to the bill was accepted without objection and is binding on us. Considering it in connection with the bill we think appellant's insistence that the incident injured appellant is exaggerated.

The motion for rehearing is overruled.