**Robert McKNIGHT, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41211.**

Court of Criminal Appeals of Texas.

May 8, 1968.

Rehearing Denied Oct. 16, 1968.

Ferguson & Busby by Donald L. Busby, Cleburne, Henrichson & Bates, by James S. Bates, Edinburg, for appellant.

Robert M. Mahanay, Dist. Atty., Cleburne, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for burglary; the punishment, twelve years.

The indictment was returned against appellant on May 5, 1967, and the case was tried on July 17, 1967.

On the date set, a motion for continuance was filed on behalf of appellant and two other defendants, John McMicken and Travis Frost—separately indicted—by Senator James S. Bates, "one of the attorneys representing" the defendants, which motion alleged as grounds therefor that due to the critical illness of the senator's father-in-

law his presence was required elsewhere by both his wife and his own regard for his father-in-law. The motion was by the court overruled and the case proceeded to trial, with appellant being represented by Senator Bates's co-counsel in the case, James E. Ferguson and Don Busby.

On the date of the trial, a motion was also filed by appellant to disqualify Judge Penn Jackson as judge in the case on the ground that he was the father-in-law of District Attorney Robert M. Mahanay and, by virtue of such relationship, was disqualified under Art. 30.01 of the Code of Criminal Procedure. It was further alleged in the motion that by reason of the relationship between Judge Jackson and District Attorney Mahanay appellant could not receive a fair trial. Such motion to disqualify was by the court overruled and it was stipulated that Judge Jackson was the father-in-law of District Attorney Robert M. Mahanay, the prosecutor in the case.

It is the court's action in overruling the two motions which is the basis of appellant's two grounds of error on appeal.

We first overrule the ground of error which complains of the court's refusal to grant a continuance.

The record reflects that following his arrest in April, 1967, not only Senator Bates but Attorneys James E. Ferguson and Don Busby were employed to represent appellant. Ferguson was an attorney of eighteen years' experience and a former county and district attorney of Johnson County. His associate, Busby, was an attorney of one and a half year's experience, including the trial of criminal cases. Prior to the date of trial, Attorneys Ferguson and Busby filed on behalf of appellant and the other defendants a motion to suppress certain evidence in the cases. Although—as contended by appellant—Senator Bates may have been leading counsel in the cases, it appears that appellant was ably represented by his co-counsel, Ferguson and Busby, in the trial of the case.

■ Under the decisions of this court, a judgment will not be reversed because of the refusal to postpone a case on account of the absence of leading counsel where the record shows that associate counsel ably represented the defendant. Kerr v. State, 134 Tex.Cr.R. 368, 115 S.W. 2d 672; Caraway v. State, 98 Tex.Cr.R. 119, 263 S.W. 1063; Sapp v. State, 87 Tex. Cr.R. 605, 223 S.W. 459.

■ We do not agree that appellant is shown to have been denied either his constitutional right to counsel or a fair trial. The decision by the Supreme Court of the United States in Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed. 2d 246, cited by appellant, which recognized the constitutional principles established in Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, that during the critical period of the proceedings from the time of arraignment until the beginning of the trial a defendant is as much entitled to the aid of counsel as at the trial, itself, is not here controlling.

We also overrule the ground of error which complains of the court's failure to recuse himself because of his relationship to the district atttorney.

Art. 5, Sec. 11, of our State Constitution, Vernon's Ann.St. provides that

"No judge shall sit in any case * * * where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law * * *."

Art. 30.01, C.C.P., provides, in part, as follows:

"No judge * * * shall sit in any case where * * * the accused or the party injured may be connected with him by consanguinity or affinity within the third degree."

We are cited no case in this state holding a district attorney to be a "party" to a criminal case, within the meaning of the constitutional or statutory provisions dis-

qualifying the judge because of relationship.

In Runyon et al. v. George, 349 S.W.2d 107 (Tex.Civ.App.—writ dis.), it was held that a judge was not disqualified by the fact that he was the brother of an attorney for a party in the case.

In Postal Mut. Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482, the Supreme Court of this State held the mere fact that an attorney was to receive a contingent fee based upon the amount of recovery in a workmen's compensation case did not make him a "party" to the litigation, within the meaning of the statute (Art. 15, V.A.C.S.) as to disqualification of a judge, but where the plaintiff and his attorney invoked jurisdiction of the court for a decision on the amount of fee to be paid by the plaintiff to the attorney, the attorney was a "party" to the litigation.

██ In this state the compensation of district attorneys is fixed by the legislature and paid by the state. Art. 3886f, V.A.C.S. The district judge has no control over the same and there is no basis for holding that a district attorney is a "party" to the case, within the meaning of the constitutional and statutory provisions. In refusing to recuse himself, Judge Jackson did not err.

██ We also express the view that in presiding over the trial Judge Jackson did not violate that portion of Canon 13 of the American Bar Association's Canons of Judicial Ethics, cited by appellant, which provides that a judge

" * * * should not suffer his conduct to justify the impression that any person can improperly influence him or unduly enjoy his favor, or that he is affected by the kinship, rank, position or influence of any party or other person." [1]

1. It should be noted that the canons of judicial ethics of the American Bar Association have not been adopted in this state and, further, that they do not have the status of law.

Nor do we agree that in refusing to disqualify himself Judge Jackson denied the appellant a fair trial and violated his constitutional rights guaranteed by Art. 1, Sec. 19, of Vernon's Texas Constitution, and the Fourteenth Amendment to the Constitition of the United States.

The judgment is affirmed.