qualifying the judge because of relationship.

In Runyon et al. v. George, 349 S.W.2d 107 (Tex.Civ.App.—writ dis.), it was held that a judge was not disqualified by the fact that he was the brother of an attorney for a party in the case.

In Postal Mut. Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482, the Supreme Court of this State held the mere fact that an attorney was to receive a contingent fee based upon the amount of recovery in a workmen's compensation case did not make him a "party" to the litigation, within the meaning of the statute (Art. 15, V.A.C.S.) as to disqualification of a judge, but where the plaintiff and his attorney invoked jurisdiction of the court for a decision on the amount of fee to be paid by the plaintiff to the attorney, the attorney was a "party" to the litigation.

█ In this state the compensation of district attorneys is fixed by the legislature and paid by the state. Art. 3886f, V.A.C.S. The district judge has no control over the same and there is no basis for holding that a district attorney is a "party" to the case, within the meaning of the constitutional and statutory provisions. In refusing to recuse himself, Judge Jackson did not err.

█ We also express the view that in presiding over the trial Judge Jackson did not violate that portion of Canon 13 of the American Bar Association's Canons of Judicial Ethics, cited by appellant, which provides that a judge

"* * * should not suffer his conduct to justify the impression that any person can improperly influence him or unduly enjoy his favor, or that he is affected by the kinship, rank, position or influence of any party or other person." [1]

1. It should be noted that the canons of judicial ethics of the American Bar Association have not been adopted in this state and, further, that they do not have the status of law.

Nor do we agree that in refusing to disqualify himself Judge Jackson denied the appellant a fair trial and violated his constitutional rights guaranteed by Art. 1, Sec. 19, of Vernon's Texas Constitution, and the Fourteenth Amendment to the Constitition of the United States.

The judgment is affirmed.

Travis FROST, Appellant,

v.

The STATE of Texas, Appellee.

No. 41212.

Court of Criminal Appeals of Texas.

May 8, 1968.

Rehearing Denied Oct. 16, 1968.

Ferguson & Busby, by, Donald L. Busby, Cleburne, Henrichson & Bates, by, James S. Bates, Edinburg, for appellant.

Robert M. Mahanay, Dist. Atty., Cleburne, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for burglary; the punishment, ten years.

This is a companion case to McKnight v. State, Tex.Cr.App., 432 S.W.2d 69, this day decided.

The two grounds of error relied upon by appellant are the same as those overruled

by this court in the opinion affirming the conviction in McKnight v. State, supra.

For the reasons heretofore stated, the judgment is affirmed.

**John McMICKEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41213.**

Court of Criminal Appeals of Texas.

May 8, 1968.

Rehearing Denied Oct. 16, 1968.

Ferguson & Busby, by, Donald L. Busby, Cleburne, Henrichson & Bates, by, James S. Bates, Edinburg, for appellant.

Robert M. Mahanay, Dist. Atty., Cleburne, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for burglary; the punishment, ten years.

This is a companion case to McKnight v. State, Tex.Cr.App., 432 S.W.2d 69, this day decided.

The two grounds of error relied upon by appellant are the same as those overruled by this court in the opinion affirming the conviction in McKnight v. State, supra.

For the reasons heretofore stated, the judgment is affirmed.

**Charles Edward McCLAIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41437.**

Court of Criminal Appeals of Texas.

July 24, 1968.

Rehearing Denied Oct. 16, 1968.

