

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 31, 1977

The Honorable Bob Davis          Opinion No. H-934
Chairman
House Committee on Insurance      Re: Constitutionality of
House of Representatives           Insurance Code articles
Austin, Texas  78767              3.42, 3.70-1, 3.70-3 and
                                  3.70-9.

Dear Chairman Davis:

The House Committee on Insurance authorized its former chairman, Representative Ben Bynum, to request our opinion as to the constitutionality of Senate Bill 696, passed by the 64th Legislature. Acts 1975, 64th Leg., ch. 703 at 2199. That bill amended articles 3.42, 3.70-1, 3.70-3 and 3.70-9 of the Insurance Code by establishing standards for the regulation of accident and sickness insurance policies issued for delivery in this State, and by authorizing the State Board of Insurance to issue rules and regulations necessary to carry out the purposes of the Act. The request indicated a concern that this Act may involve an unconstitutional delegation of authority by the Legislature to the State Board of Insurance, in violation of article 2, section 1 of the Texas Constitution, and may violate the due process requirements of article 1, section 19 of the State Constitution and the Fourteenth Amendment to the United States Constitution.

Senate Bill 696 states its purpose as follows:

The purpose of this Act shall be to provide for reasonable standardization, readability, and simplification of terms and coverages contained in individual accident and sickness insurance policies; to facilitate public understanding of coverages; to eliminate provisions contained in individual accident and sickness insurance policies which may be unjust, unfair, mis- leading, or unreasonably confusing in connection

either with the purchase of such coverages or
with the settlement of claims; and to provide
for full and fair disclosure in the sale of
accident and sickness coverages.  Ins. Code
art. 3.70-1(A).

The Act contains many provisions.  You have not singled
out particular provisions for our examination, and we have
thus examined the overall scheme of the Act without passing
on every possible constitutional objection to every sentence
in the Act.

We shall first consider whether Senate Bill 696
unconstitutionally delegates legislative functions to the
State Board of Insurance.  Article 2, section 1 of the
Texas Constitution provides:

The powers of the Government of the
State of Texas shall be divided into three
distinct departments, each of which shall
be confided to a separate body of magistracy,
to wit:  Those which are Legislative to one;
those which are Executive to another, and
those which are Judicial to another; and no
person, or collection of persons, being of
one of these departments, shall exercise
any power properly attached to either of the
others, except in the instances herein
expressly permitted.

The question of when and under what circumstances the
Legislature may confer upon an administrative agency the
authority to make binding rules and regulations has been
the subject of much litigation and many opinions by this
office.  The standard that has evolved from consideration
of these questions of delegation of authority has been
stated by this office as follows:

It is a general rule that the Legislature
may not delegate its legislative powers,
except as expressly permitted in the
Constitution, and any attempt to commit
those powers to another agency is invalid.
. . . However, the Legislature possesses
many powers that may be exercised by it
either directly or through the agency of

> another body. . . . If the Legislature has
> prescribed sufficient standards to guide the
> discretion conferred, the power is not
> legislative and a delegation is lawful.
> When the Legislature cannot practically
> or efficiently perform the functions
> required, it has the authority to designate
> some agency to carry out the purposes of
> such legislation. The general rule in
> determining the validity of a delegated
> power is that the Legislature may declare
> the policy and fix the primary standard.
> It may then confer on administrative officials
> the power to fill in the details by prescribing
> rules and regulations to promote the spirit
> of the legislation and to carry it into effect. . . .
> Attorney General Opinion M-875 (1971) at 3-4.
> (Emphasis added).

This general rule has provided the standard by which both
the courts of this State and this office have judged the
constitutionality of the Legislature's delegation of authority
to administrative agencies. See e.g. Southwestern Savings
and Loan Association of Houston v. Falkner, 331 S.W.2d 917
(Tex. 1960); Trimmier v. Carlton, 296 S.W. 1070 (Tex.
1927); Margolin v. State, 205 S.W.2d 775 (Tex. Crim.
App. 1947); Williams v. State, 176 S.W.2d 177 (Tex. Crim.
App. 1943); Moody v. City of University Park, 278 S.W.2d 912
(Tex. Civ. App. -- Dallas 1955, writ ref'd n.r.e.); Attorney
General Opinions M-1190 (1972); M-896 (1971); Letter Advisory
No. 42 (1973).

While the Legislature must declare the policy and fix
the primary standard in conferring power upon administrative
officials, the policy and standards declared may be broad
or general, so long as the idea embodied is reasonably clear
and the standards are capable of reasonable application.
Jordan v. State Board of Insurance, 334 S.W.2d 278 (Tex.
1960); Housing Authority of the City of Dallas v.
Higginbotham, 143 S.W.2d 79 (Tex. 1940); Ex parte
Smith, 441 S.W.2d 544 (Tex. Crim. App. 1969); Moody v. City
of University Park, supra. The courts of this State have
upheld legislative enactments delegating authority under
such general standards as "public convenience and advantage,
and adequate population to assure reasonable support,"
Southwestern Savings and Loan Association of Houston v.

Falkner, supra at 921, and authority to "adopt, prescribe, promulgate, and enforce all rules and regulations reasonably necessary to effectuate the provisions of this Act," Williams v. State, 514 S.W.2d 772 at 775 (Tex. Civ. App. -- Beaumont 1974, writ ref'd n.r.e.).

The validity of a legislative delegation of authority which is "'broad and sweeping in its terms and scope,'" has long been recognized with regard to regulation of the insurance industry. Commercial Union Assurance Company v. Preston, 282 S.W. 563 at 565 (Tex. 1926), quoting Bourgeois v. Northwestern National Insurance Company, 57 N.W. 347, 348 (Wisc. 1893). See Board of Insurance Commissioners v. Carter, 228 S.W.2d 335 (Tex. Civ. App. -- Austin 1950, writ ref'd n.r.e.). In authorizing the State Board of Insurance to regulate the coverage of insurance policies by prescribing standard forms, clauses and endorsements, the Legislature has "exercised its power to regulate a business affected with a public interest, and did not improperly delegate its legislative power." Hamaker v. American States Insurance Company of Texas, 493 S.W.2d 893 (Tex. Civ. App. -- Houston [1st Dist.] 1973, writ ref'd n.r.e.). The Supreme Court has found that legislative authorizations for the Board of Insurance to withdraw approval of policy forms which "encourage misrepresentation" and to deny a certificate of authority to any carrier whose officers "are not worthy of the public confidence" provide sufficiently definite standards for a constitutional delegation of authority. Key Western Life Insurance Company v. State Board of Insurance, 350 S.W.2d 839 (Tex. 1961); Jordan v. State Board of Insurance, supra.

When judged against these standards, we believe that Senate Bill 696 does not effect an unconstitutional delegation of authority by the Legislature to the State Board of Insurance. The authorization of the Board to issue "such reasonable rules and regulations as may be necessary to carry out the various purposes and provisions of this article," Ins. Code art. 3.70-1(D), must be read in conjunction with the Act's statement of purpose quoted above. We believe that the constitutionally necessary standards to guide the Board's discretion in promulgating rules and regulations under Senate Bill 696 may properly be found in the requirements of reasonableness and necessity for carrying out the purposes of the Act. Gerst v. Oak Cliff Savings and Loan Association, 432 S.W.2d 702 (Tex.

1968); Jefco, Inc. v. Lewis, 520 S.W.2d 915 (Tex. Civ. App. -- Austin 1975, writ ref'd n.r.e.); Williams v. State, 514 S.W.2d 772 (Tex. Civ. App. -- Beaumont 1974, writ ref'd n.r.e.); Beall Medical Surgical Clinic and Hospital, Inc. v. Texas State Board of Health, 364 S.W.2d 755 (Tex. Civ. App. -- Dallas 1963, no writ). Consequently, we believe that Senate Bill 696 does not violate article 2, section 1 of the Texas Constitution.

We turn next to the question of whether Senate Bill 696 comports with the due process requirements of the Texas and United States Constitutions. Representative Bynum suggested that Senate Bill 696 may be unconstitutionally vague, and that it may be overbroad in that it permits the restriction of constitutionally protected rights. The purported vagueness of Senate Bill 696 arises from the fact that the Act declares the legal duty of all persons to obey orders of the State Board of Insurance issued pursuant to the Act, but leaves to the Board the duty of prescribing specific standards. We perceive no constitutional infirmity in this procedure. The Act requires that the Board may issue rules and regulations only after notice and hearing. Ins. Code arts. 3.42(g), 3.70-1(I). See Trapp v. Shell Oil Company, 198 S.W.2d 424 (Tex. 1946). We believe that Senate Bill 696 gives "the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972).

The Act itself makes clear the conduct prohibited:

> Any person, partnership, or corporation wilfully violating any provision of this Act or order of the Board made in accordance with this Act, shall forfeit to the people of the state a sum not to exceed Five Thousand Dollars ($5,000.00) for each such violation, which may be recovered by a civil action. The Board may also suspend or revoke the license of an insurer or agent for any such wilful violation. Ins. Code art. 3.70-9.

Thus, it is not the Board, but rather the Legislature, that has defined the illegal conduct and the penalty therefor. See Williams v. State, 176 S.W.2d 177 (Tex. Crim. App. 1943). The Legislature may, without violating the requirements of due process, penalize the violation of an administrative rule or regulation which it is constitutionally empowered to authorize. United States v. Grimaud, 220 U.S. 506 (1911); United States v. Park, 521 F.2d 1381 (9th Cir. 1975); Carter v. United States, 333 F.2d 354 (10th Cir. 1964); Ex parte Smith, supra; Beall Medical Surgical Clinic and Hospital, Inc. v. Texas State Board of Health, supra.

We likewise find no unconstitutional overbreadth in Senate Bill 696. Regulation of the insurance industry arises from an exercise of the State's police power over a business of public concern.

> The police power is grounded upon public necessity which alone can justify its exercise. The exercise of the police power hinges upon the public need for safety, health, security, and protection of the general welfare of the community.

> . . . .

> Courts are reluctant to disturb an exercise of the police power, and will not unless it appears that the regulation was unnecessary and unreasonable. If a difference of opinion may exist as to the necessity and reasonableness of the regulation, the courts will not invalidate the regulation. Jef co, Inc. v. Lewis, supra at 922.

See Hamaker v. American States Insurance Company of Texas, supra. The reluctance of the courts to strike down regulatory laws enacted under a State's police power has been explicitly declared by the Supreme Court of the United States:

> The day is gone when this Court uses the Due Process Clause of the Fourteenth Amendment to strike down state laws, regulatory of business and industrial conditions, because they may be unwise, improvident, or out of harmony with a particular school of thought. Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 488 (1955).

We have been presented no basis for declaring that the provisions of Senate Bill 696 are "unnecessary and unreasonable," and find, therefore, no repugnance to the due process requirements of either the Texas or United States Constitutions.

We have not been asked our opinion as to any rules or regulations which have been issued by the State Board of Insurance, and we express no opinion as to the conformance of any such regulations to the requirements of either the Constitution or Senate Bill 696. Cf. Railroad Commission v. Shell Oil Co. 161 S.W.2d 1022 (Tex. 1942); Ex parte Leslie, 223 S.W. 227 (Tex. Crim. App. 1920).

### S U M M A R Y

Articles 3.42, 3.70-1, 3.70-3 and 3.70-9 of the Insurance Code do not effect an unconstitutional delegation of power to the State Board of Insurance and do not violate constitutional standards of due process.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 3848

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb