## Maggie Becknell v. The State.

No. 3034. Decided November 2, 1904.

### 1.—Murder—Charge of the Court—Special Charges.

Where requested charges are given in the main charge as far as applicable, there was no error in refusing them.

### 2.—Same—The Whole Charge Must be Considered.

Where the charge taken as a whole properly presented the law on a trial of defendant for the murder of her child and there was evidence that either she or one W. killed it, there was no error to charge, "Do the facts and circumstances of the case, at the time of the killing and before and after that time having connection with or relation to it, furnish satisfactory evidence of a sedate and deliberate mind on the part of the person killing, at the time he or she does the act."

### 3.—Same—Circumstantial Evidence.

Where there was evidence that defendant was acting with some one else in committing the murder of her infant child, there was no error in qualifying the court's charge on circumstantial evidence by the clause: unless you believe from the evidence beyond a reasonable doubt that defendant acted with some other person in *committing the offense*," as under such circumstances defendant would be guilty whether she committed the crime in person, or in co-operation with some one else.

**4.—Same—Harmless Error.**

Where the indictment charged the means by which the murder was committed, it was error to add thereto the phrase, "or by any other means"; but since the jury under the evidence could not have been misled thereby, it was harmless error.

**5.—Same—Murder in the Second Degree—Negligent Homicide.**

Where the court charged upon express malice and further instructed the jury that if the killing was unlawful and not upon express malice it would be murder in the second degree and that if the killing was accidental to acquit, it was not necessary to instruct them what was necessary to warrant a conviction of murder in the second degree so as to distinguish the same from negligent homicide, the issue of negligent homicide not being in the case.

Appeal from the District Court of Grayson. Tried below before Hon. J. M. Pearson.

Appeal from a conviction of murder in the second degree; penalty, seventeen years' imprisonment in the penitentiary.

The child alleged to have been murdered was about two months old and was found dead in a well. It was identified as the child of defendant and that of one W. and was an illegitimate offspring of the two. Defendant and W. were seen together with the child the night before its body was found; they passed by a well and according to the testimony of defendant, she stopped at the well to draw a bucket of water and as she did so, the child dropped in the well; that her paramour was some distance ahead with another small child, also theirs, and that she caught up with him and proceeded to a house where they remained all night not telling any one of what had happened. According to a previous statement to another officer, she gave several contradictory accounts with reference to the disappearance of her child: one was that the child had died and was buried in Red River County; another that it had died on the train and that she had given it to Jim Spencer, and still another that when she got off the train, she gave the baby to Jim Spencer and he started off and that she never had seen it since. Defendant first denied that the dead child was hers, but afterward admitted it. This statement sufficiently presents the substance of the case for an understanding of the questions reviewed.

*C. L. Vowell,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of the murder of her own child, her punishment being assessed at seventeen years confinement in the penitentiary.

The first ground of the motion for new trial insists that the court erred in failing to give special charges requested numbers 3 and 4. Said charges, so far as applicable, were given in the main charge of the court; and there was no error in refusing them.

She also complains in the motion for new trial of the failure of the court to present to the jury in plain and direct language all matters

of defense raised by the testimony, and insists the court erred in not presenting at all in an affirmative manner any defense, when there was testimony introduced by the State tending to prove that the infant died from natural causes, and tending to prove the infant fell into the well accidentally. These issues were properly charged upon by the court.

Appellant complains in motion for new trial on the following portion of the court's charge, "Do the facts and circumstances of the case at the time of the killing and before and after that time having connection with or relation to it, furnish satisfactory evidence of a sedate and deliberate mind on the part of the person killing, at the time he or she does the act." The objection is because there was evidence tending to show that if said infant met a violent death, either defendant or one Bud Watson killed it, and the above charge was calculated to lead the jury to believe that defendant might be responsible for the acts of said Watson. Taking the charge as a whole we do not think it is subject to this criticism. The court properly presented the law applicable to the death of the child at the hands of Watson or defendant.

The fourth ground of the motion complains that the court in giving a charge on circumstantial evidence "deprived defendant of said charge by adding this clause, to wit: 'unless you believe from the evidence beyond a reasonable doubt that defendant acted with some other person in committing the offense.'" In this connection appellant "insists there was no positive evidence of defendant's guilt, and she was entitled to a clear cut and plain charge on circumstantial evidence; and because there was no proof that defendant acted with any one in the commission of any offense; and said charge was highly calculated to confuse the jury and lead them to believe the court thought defendant was acting with some one else. If she was, she was not entitled to have the jury consider her case under this charge of circumstantial evidence." We have quoted appellant's exception to the charge. As we understand the same, he insists that the above was an unwarranted qualification to the law of circumstantial evidence. We do not think so, since there was evidence, as stated above, that defendant was acting with some one else in committing the crime; and if the evidence should show that fact beyond a reasonable doubt, defendant would be guilty whether she committed the crime in person or in coöperation with some one else.

The fifth ground of the motion contends that the court erred in the 11th and 14th paragraphs of said charge, wherein the jury are instructed, "If they believe beyond a reasonable doubt that defendant did unlawfully kill said infant child, by then and there smothering said child, and by then and there strangling said child, and by then and there choking said child with her hands, or by either one or all the means above enumerated, or by any other means," then said jury could convict of murder in the first or second degree, because there was no evidence upon which to submit said means and manner of death; and the same was misleading and likely to confuse the jury and highly prejudice defendant's case. Of course, the proof must correspond with the allegations in the indictment

and where the indictment alleges the means, the proof must correspond with it. The latter clause of the charge, to wit: "or by any other means" was error, since the State was limited to the proof of the means alleged in the indictment. We think the evidence amply supports the allegations of the indictment; and the court should not have placed this addition to the means alleged in the indictment. But certainly it is harmless error in the light of this record, since the jury could not have been misled thereby.

Appellant insists that the court erred in the 14th paragraph of his charge in failing to submit to the jury what it was necessary for them to believe in order to warrant a conviction of murder in the second degree; but merely stated that if the killing was unlawful and not upon express malice it would be murder in the second degree. The insistence being that there was proof tending to show negligent homicide, and which would have been unlawful and not upon express malice, and yet would not have been murder in the second degree. The charge of the court shows that the jury were told to acquit appellant if the child was killed accidentally or accidentally dropped into the well. This certainly was as favorable as appellant could ask. The charge on murder in the second degree follows the approved forms.

The last insistence of appellant is that the court erred in failing to charge on negligent homicide. The issue is not in the case. As stated above, the court told the jury that, if the child was killed by negligence to acquit defendant. This was as favorable as defendant could ask. The evidence is amply sufficient to support the verdict. The judgment is affirmed.

*Affirmed.*