# FEBRUARY 12, 1941

### D. L. ALLEN v. THE STATE.

No. 21271. Delivered December 18, 1940.

Rehearing Denied January 22, 1941.

Request for Leave to File Second Motion for Rehearing Denied
(Without Written Opinion) February 12, 1941.

The opinion states the case.

*E. A. Martin, R. L. Whitehead,* and *Richard Nicolds,* all of Longview, *Florence & Florence,* of Gilmer, and *Thomas B. Ridgell* (on appeal only), of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted upon an indictment for murder and, the jury having assessed a penalty of forty-five years, he brought this appeal.

It is alleged that on the 25th day of February, 1940, D. L. Allen unlawfully and voluntarily with malice aforethought did kill Addie Stewart Allen by shooting her with a gun. The victim was the wife of appellant.

It will not be necessary in the consideration of the questions presented to detail at length the evidence upon which the conviction was had. Such statements as will be necessary are found in connection with a discussion of each question raised; however, it may be said there was no eye witness to the killing which took place in the quarters operated by appellant and his wife known as the "Blinking Owl" and consisting of a beer joint and two bedrooms.

It is the State's theory that appellant and his wife had been getting along badly and were in a fuss constantly. She had hidden his two pistols sometime previously and they had become rusted. The tragedy occurred after midnight on Saturday and after a disagreement between appellant and his wife, which apparently had some connection with the dismissal of a woman

who worked in the place as an employee. Appellant admits the killing, but says that he found the pistols which his wife had hidden and that he was cleaning the rust off of them, using some gasoline and oil. While doing so one of the cylinders became hung and in trying to loosen it the gun went off and his wife was killed accidentally. The issue is squarely presented. He either murdered his wife with malice, as found by the jury, or the killing was due to an accident.

When the case was called for trial appellant presented his motion for a continuance on account of the absence of a witness whose testimony was alleged to be material, because she, "will testify to letters and communications had with the deceased, the wife of defendant herein; that such testimony is material and is vital to this defendant's proper defense in that said testimony will show that the defendant and the deceased lived together happily, and that there was no motive for the defendant taking the deceased's life at the time in question." It is further set out that these communications were made a short time prior to the killing and that there was no other person from whom this testimony could be secured. The witness was alleged to be living in another county. A doctor's certificate was attached certifying to the fact that she was ill and unable to attend court. The witness was the mother of appellant and he expected to have her present at the next term of court. The motion concludes, "Defendant would further show unto the court that this continuance is not sought for delay *only*, but that justice might be done." It is subscribed and sworn to by the appellant before his attorney as notary public.

Bill of exception No. One complains of the action of the court in overruling this motion for continuance. It requires no discussion of the law to show that there is no merit in this motion. The conclusions which he expected the witness to make would not be admissible as evidence. He did not seek to have the letters for what they may be worth. The motion does not meet the statutory requirements, in that it does not allege that it was not made for delay. (Vernon's Annotated Code Cr. Procedure, Art. 543, Sec. 5. See also Russell v. State, 228 S. W. 948; Perkins v. State, 46 S. W. (2d) 672; White v. State, 95 S. W. (2d) 429.)

Bill of exception No. Two complains of the action of the court in refusing to submit the defendant's special requested instruction No. Eleven which is designed to instruct the jury as a general proposition that whoever, in the performance of

a lawful act, shall by negligence and carelessness cause the death of another, they shall be guilty of negligent homicide of the first degree. It then defines a lawful act.

There is no evidence raising the issue of negligent homicide. As stated, the appellant was either guilty of murder with malice or he should have been acquitted of murder under his testimony that the killing was an accident.

Appellant's bill of exception Number Three complains of the failure of the court to give defendant's special requested instruction Number One defining, "reasonable doubt." We are unable to find any purpose for the charge requested, and conclude that the court committed no error.

On a motion for rehearing complaint is made of misconduct of the jury in two particulars. First, that the jury in considering the amount of punishment discussed the law and concluded that if the jury wanted him to serve fifteen to twenty years in the penitentiary it would be necessary to sentence him for as much as forty-five years as the Board of Pardons or the Governor would likely pardon him after he had served that period of time.

Jurors were called and heard by the court and, while some denied that they heard any such discussion, the strongest statement which may be gleaned from the evidence introduced is that some casual remark was made or question asked about the law and practice of the Board of Pardons and Governor, and the person making the same was immediately admonished that this was an improper consideration and that thereafter it was not again mentioned. From all the evidence on the subject, the trial court's action in overruling the motion for new trial based on this incident cannot be held error.

Second, that after the jury had determined by their vote that appellant was guilty of murder with malice, some juror got hold of the pistol which had been introduced in evidence and about which there had been testimony and being the same pistol which appellant said hung and was accidentally discharged, resulting in the death of his wife. The pistol was examined and operated by some of the jurors—as stated by one, it was "fanned." Because of this it is contended that the jury experimented with the pistol and brought into the case new and additional evidence to that heard from the witness box.

The jury had a right to take the pistol into the room where they were deliberating. The evidence does not disclose what,

if any, additional fact was discovered by the jury in handling the pistol to that which was shown by the testimony in the trial of the case. Probably it did contradict the evidence of the appellant to the effect that the pistol would hang at a certain place. The jury had a right to examine it to determine the truthfulness of that statement. It is a well settled rule that the jury would have the privilege of examining a dangerous instrument provided they did not use it in any different manner than that involved in the testimony and that no new fact was discovered from their experiment which was hurtful to the appellant. Smith v. State, 232 S. W. 497; Bell v. State, 24 S. W. 418; Spencer v. State, 30 S. W. 46; Grayson v. State, 51 S. W. 246; Webb v. State, 154 S. W. 1013.

Furthermore, examination of the pistol appears to have taken place after the jury had reached its conclusion that the appellant was guilty of murder with malice. We see no relationship between the examination of the pistol and the heavy penalty assessed. It was not an article, such as bloody clothing, that would bear inflammatory evidence which was likely to cause them to assess a heavier penalty than they would otherwise have assessed. We are unable to see that the experiment with the pistol by the jury as described by them resulted in anything harmful to the appellant other than to deny the truthfulness of his statement that the cylinder would hang at a certain place, if it did so deny it. This related to the subject discussed from the witness box. It raised no new issue and the jury was charged with the duty of determining the truthfulness of that statement. He had relied on this mechanical defect of the revolver and it is a reasonable rule which permits the jury to examine the revolver in the performance of their duty of determining the truthfulness of his assertions. Under the jury's finding of fact the penalty assessed was not excessive.

The judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

The opinion is expressed that proper disposition of the appeal was made upon the original submission of the case. After carefully re-examining the record in the light of the motion for rehearing it is deemed unnecessary to further discuss the questions dealt in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.