## Stanley Simmons v. The State.

No. 22435. Delivered March 10, 1943.
Rehearing Denied May 5, 1943.

The opinion states the case.

*C. F. Stevens, Dick Young,* and *Meyers & Hawkins,* all of Houston, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a period of ten years.

Appellant's first contention is that the evidence is insufficient to justify and sustain his conviction of the offense of murder with malice aforethought. A careful review of the statement of facts leads us to the conclusion that the evidence is ample to sustain the verdict of the jury.

The evidence adduced by the State, briefly stated, shows that on the night of June 27, 1942, appellant was acting as a bartender at a beer joint in the 4400 block on Yale Street in the City of Houston; that at the time of the killing a number of people were in the tavern; that John Jones (the deceased) and Harold Ruley became engaged in a scuffle; that Joe Slocum, who was present, undertook to separate them, and in his attempt to do so, he and Jones fell upon the floor; that Slocum placed his knee on Jones' breast and one hand on his head holding him down; that at this juncture appellant came from behind the counter, pointed the pistol at Jones' head and fired; that the bullet entered the top of the head and ranged down and toward the back of the head and lodged at the base of the brain; that as a result of the wound Jones died.

Appellant took the witness stand and testified that he was employed as a bartender at the beer tavern on the night in question; that the deceased and Ruley became involved in a personal combat; that he took a pistol from a shelf under the counter and went to where the two men were engaged in a fight with a view and purpose of quelling the disturbance; that he struck the deceased on the head with the pistol and knocked him down; that he then went back behind the counter and placed the pistol where he had obtained it; that some one remarked that Jones was shot, to which he (appellant) replied that there wasn't anyone shot; that he did not know the pistol was discharged; that if it was, it was accidental; that he did not intend to shoot anyone.

We have made this brief summary of the evidence to demonstrate the fact that the issue thus raised was whether the shooting was a deliberate and voluntary act or was an accident; and this issue the jury, who are the exclusive judges of the facts

proven, the credibility of the witnesses and the weight to be given to their testimony, decided adversely to his contention and is final.

Appellant addressed one general exception to the court's main charge in which he claims that the court did not sufficiently present his defensive theory and the affirmative side of the case; and in connection therewith requested two special charges which the court declined to give. The first of these charges is to the effect that if the jury believed from the evidence that appellant went to the aid of and to defend a third party against an attack by the deceased and while so engaged the deceased was killed, then they should acquit the appellant. There is not any evidence from any source that the appellant acted in defense of a third party against an attack by the deceased. Hence no instruction on the subject was required.

Appellant's second requested charge is to the effect that if the jury believed from the evidence that appellant, for the purpose of quieting the deceased and to eject him from the premises and in his endeavor to do so, he struck the deceased with a pistol which caused it to be discharged, then they should acquit him. This was nothing more or less than an instruction to the effect that if appellant struck the deceased with a pistol with no intent to kill him, but while so acting the pistol was accidentally discharged and killed the deceased, then to acquit the defendant and say by their verdict, "Not guilty." This issue was fully covered in the requested charge of the appellant which the court gave. Hence no error is reflected by the bill. Appellant contended that the following cases sustain his contention: Barnes v. State, 167 S. W. (2d) 197; Pounds v. State, 150 S. W. (2d) 798; and Burt v. State, 137 S. W. (2d) 1045. We have examined each of the cases and the only expression in the opinion of this court in those cases is a general statement to the effect that the court should instruct the jury upon every defensive issue raised by the evidence. This is a well-recognized rule in this state and should be observed when an issue is raised, but the court is not required to give an instruction upon an issue not raised by the evidence in the case.

Appellant, for the first time, claims in his brief that he was entitled to a charge on negligent homicide and in support of his contention he cites the case of Barnes v. State, supra. In that case, as in this one, no charge on negligent homicide was given or requested. That case was not reversed on the ground that the court erred in failing to give an instruction on the subject,

but on the ground that the court failed to heed appellant's objection to the court's charge in this, that the court had not given an affirmative instruction to the jury to the effect that if at the time the defendant's gun was fired he had no specific intent to kill the deceased, to find him not guilty of murder but to consider whether or not he was guilty of a lesser offense. It is obvious that the reversal of the Barnes case was predicated upon the court's failure to give an affirmative instruction on the defendant's intent and not because the court had failed to charge on the law of negligent homicide. The other cases cited by appellant likewise do not sustain his contention.

Appellant, by two separate bills of exception, complains of certain remarks 'made by the Assistant District Attorney. The trial court, in approving the bills, states that the remarks were not outside of the record but made merely in reply to the argument indulged in by defense counsel. With the qualification of the bills, we fail to see any error reflected therein.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The same questions considered on original submission are again urged. Believing they were properly disposed of they will not be further discussed.

It is also suggested in the motion that a defensive charge upon the issue of the accidental discharge of the pistol is erroneous in that in connection therewith the issue of reasonable doubt was omitted. We find no objection was lodged to said instruction. None could have been urged as the charge now complained of for the first time was a special charge requested by appellant and given in the form prepared by appellant. The same issue as contained in the court's original charge did embrace reasonable doubt in connection therewith.

The motion for rehearing is overruled.