TOMMY BARTON V. STATE

No. 34,965.   November 7, 1962

*Miller & Miller*, Graham, for appellant.

*Jack Q. Neal*, District Attorney, Graham, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is forgery; the punishment, two years.

At the outset, we observe that there were at least three material variances between the indictment and the purportedly forged instrument which was introduced in evidence. The trial court overruled the objection to the introduction of the instrument and later declined to withdraw it from the jury's consideration. In this he fell into error. Recently, in Williams v. State, 164 Texas Cr. Rep. 545, 301 S.W. 2d 107, we said:

"Where the instrument alleged to be forged is set out in the indictment according to its tenor the writing offered in evidence must conform thereto with almost minute precision. Branch's Ann. P. C. 2d Ed., Sec. 1588, and cases cited."

See also Webb v. State, 39 Texas Cr. Rep. 534, 47 S.W. 356, and 25 Texas Juris. 2d, Sec. 65, p. 585, note 12.

The injured party testified that one Jerry Fields came to his filling station in the city of Olney, told him his name was Jerry Cook and he wanted some gasoline, but that he refused to extend him credit. He stated that Fields later returned with appellant, whom he represented to be his oil field boss or driller, a Mr. Hall. He stated that upon appellant's assurance that he would stand good for the gasoline he sold Fields $5.77 worth of gasoline and oil and that Fields signed the *ticket* for the same with the name James Cook. He stated that appellant was present at the time the *ticket* was made and the name signed thereto. In brief, this is the State's case.

Appellant, testifying in his own behalf, stated that he was in Olney on the day in question attending his wife who was a patient in the hospital; that Fields, whom he had known for some time, came to the hospital and asked that he accompany him to the filling station and vouch for him; that he did so and "stood good for Jerry Fields gasoline". He denied that he was introduced as Mr. Hall and stated that he left the station before the ticket was prepared and signed. He stated that he did not know Jerry Fields was going to sign the name James Cook to the *ticket* or that he did so. Requested charges Nos. 2, 3 and 9 would have instructed the jury to acquit unless they found that appellant knew Fields was going to sign a name other than his own to the ticket. Our able State's Attorney submits that such a charge or one of similar import should have been given, and we agree. It is well settled

that an accused is entitled to an affirmative instruction on the law as to every defensive issue raised by the evidence, even though such issue be raised by his testimony alone. Patterson v. State, 164 Texas Cr. Rep. 121, 297 S.W. 2d 183, and the cases there cited. See also 31 Texas Juris. 2d, Sec. 108, p. 656.

During the course of the trial, the State introduced evidence that Fields had, prior to the instant trial, been convicted for the same offense and was serving his sentence. This was clearly inadmissible, and the court erred in failing to respond to appellant's motion to withdraw the same from the jury's consideration. In Bacon v. State, 147 Texas Cr. Rep. 605, 183 S.W. 2d 177; Judge Hawkins, speaking for the Court, said, "It is well established as a general rule that upon the trial of one charged with crime it is not permissible to show that another jointly or separately indicted for the same offense has been convicted or acquitted." See also Martin v. State, 151 Texas Cr. Rep. 212, 206 S.W. 2d 254.

For the errors pointed out, the judgment is reversed and the cause is remanded.