Robert Michael **LEWIS**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 44494.

Court of Criminal Appeals of Texas.

March 8, 1972.

Rehearing Denied May 3, 1972.

Alvin Walvoord, Jr., Midland (Court appointed), for appellant.

James A. Mashburn, Dist. Atty., Jerry Buckner, Asst. Dist. Atty., Midland, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault enhanced by a prior conviction for an offense of the same character under Art. 62, Vernon's Ann.P.C.; the punishment, life.

Officers apprehended appellant running from the complaining witness' house. He was wearing thin black leather gloves, later identified as belonging to the complaining witness, and had a long, sharp letter opener, a ladies' nylon stocking and a dollar and some change in his possession. One of the officers testified that a metal screen had been freshly torn from one of the windows in the house.

The seventy-four year old complaining witness testified she was awakened by appellant, whom she had never seen before, prowling about her bedroom. She stated that appellant demanded money and jewelry and that, after he bloodied her nose, she gave him all the money she had which amounted to one dollar and some change. She further testified that she attempted to flee the house but was overtaken by appellant and severely beaten. The attending physician at the hospital emergency room, where she was later taken, testified that she was badly beaten.

Appellant testified that he met the complaining witness approximately four weeks earlier at a discount department store where she engaged him in conversation and invited him to her home. He stated that he went to her home two or three

times, that she initiated and committed various acts of oral sodomy on him and that he was paid for his participation in these activities. He further testified that on the night in question he went to the complaining witness' house and, after ascertaining that she had no money to "pay" him, insulted her and told her he was going back to his black girl friends. Thereupon, he contended, she became angry and they engaged in an argument during which she threateningly waved a letter opener at him. He claims then he took the opener away from her after slapping her in the face. He also stated that the complaining witness gave him the leather gloves when he first arrived because his hands were cold and that the money in his possession was left over from the last time she paid him for his services. He did not know how the ladies' stocking got on his person.

Appellant's first and third contentions are that the court failed to charge on the lesser included offense of simple assault and assault with the intent to rob. He claims that his testimony raised these offenses.

Appellant cites a number of cases in support of his contentions and, in part, relies upon the following exerpt from the opinion of this Court in Daywood v. State, 248 S. W.2d 479:

"At this juncture, it will be noted that, merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser offense is not required unless there is testimony raising the issue that the appellant, if guilty at all, is guilty only of a lesser offense included in the greater offense charged."

■ We observe that appellant's testimony does not raise the question of simple assault or assault with intent to rob. As an adult male, he could not be guilty of a simple assault upon this seventy-four year old female. Further, he did not testify he intended to rob the complaining witness.

We also call appellant's attention to our recent opinion in Dominguez v. State, 472 S.W.2d 268, where we had a similar contention before us and held that the trial court did not err in refusing appellant's requested charge where the charge actually given was more favorable to him than the one requested. Therein we said:

"Appellant's second ground of error is that the trial court erred in failing to grant his requested charge that if the jury had reasonable doubt as to appellant's intent to rob, they should acquit him of the offense of robbery and find him guilty of simple assault.

"We find the charge given more favorable to appellant than the one requested because it instructed them that if they had a reasonable doubt as to his intent they should acquit appellant and find him not guilty."

Likewise, in the case at bar the court instructed the jury to acquit appellant if they did not find him guilty of robbery by assault. Appellant's first and third grounds of error are overruled.

■ Appellant's second ground of error relates to the failure of the court to grant a motion for new trial based upon alleged newly discovered evidence. The trial court found that the motion was filed more than sixty days after notice of appeal had been given and was, therefore, not timely. He further found that the statements of the missing witnesses were merely cumulative and not enough to affect or alter the verdict of the jury. We are inclined to agree with the findings of the court. See Watkins v. State, Tex.Cr.App., 438 S.W.2d 819, 822.

Appellant's remaining grounds of error are not briefed nor is any argument presented. They are, therefore, not in compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., Rivello v. State, Tex.Cr. App., 476 S.W.2d 299.

Finding no reversible error, the judgment is affirmed.