**Philip Ray STILES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49001.**

Court of Criminal Appeals of Texas.

Feb. 26, 1975.

Rehearing Denied March 19, 1975.

Charles Scarborough, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appeal is from a conviction for murder; the punishment assessed by a jury is imprisonment for life. The appellant urges that the evidence raised the issue of negligent homicide and that the court erred in failing to instruct the jury on the law of negligent homicide in response to his timely special request. The state asserts that the failure to give such a charge was not error because the court submitted a charge to the jury that authorized it to return a verdict of not guilty if it found that the deceased's death was the result of an accident.

The difference between accidental homicide and negligent homicide is whether the *act* resulting in death was *intentionally* or *unintentionally* done. The focus is on the accused's act, not on the result of his act. Accidental homicide is the result of an unintentional act while negligent homicide may only result from an intentional act. This distinction was recently noted in Palafox v. State, 484 S.W.2d 739 (Tex.Cr.App.1972). It was there said:

> "As stated in Egbert v. State, 76 Tex. Cr.R. 663, 176 S.W. 560, 563 (1915) '. . . negligent homicide is based wholly upon the theory that the evidence must show that there was no intent to kill by an act *intentionally* done. Accidental homicide arises only when the act which caused the death was *unintentionally* done . . . .' (emphasis added)."

And, in Harris v. State, 150 Tex.Cr.R. 38, 198 S.W.2d 264 (1946), the difference between an accidental killing and negligent homicide was explained as follows:

> "An accidental killing arises when the act which causes the death was unintentionally done . . .

> "So then, in a broad sense, a distinguishing element between negligent homicide and accidental killing lies in the fact that, in the first, the act which causes death must be intentionally done, while in the other, the act which causes the death was unintentional."

Another difference is that a jury finding of accidental homicide results in an acquittal, while a jury finding of negligent homicide results in the jury or the court assessing punishment within the range provided by law.

The appellant was taking care of his children while his wife was in the hospital. He had bathed the child that died and her four year old sister. On direct examination he testified:

> "I picked the child up, I held her up about eye level, and I kissed the child on the neck, and then with my hands I let her drop on the bed as I turned around to get a diaper to dress the child. As I was reaching down to get a diaper then I heard what must have been her hit the wall. And as I turned around I seen her falling on the floor head first."

The appellant said that he had dropped the baby on the bed on several other occasions because it seemed to stop her from crying. During the direct examination the appellant made no assertion that the baby's death resulted from an accident or from an unintentional act. On cross-examination the prosecutor asked the appellant the following questions:

> "Q. Your explanation for these injuries that the doctors have talked about here is that in one single motion you lifted the child up to eye level and dropped it on the bed. I gathered from your testimony that you're attempting to say that the baby bounced off the bed against the wall and then fell from the wall down onto the floor where these injuries occurred, is that your testimony?

> "A. Yes, sir.

> "Q. And you're telling the Jury that this is completely accidental?

> "A. Yes, sir. I had no intention whatsoever of causing harm to my child. No harm whatsoever in trying to kill her, or murder her, or whatever the case may be. It never entered my mind."

The appellant timely made written requests that charges on negligent homicide and accidental death be submitted to the jury. The court submitted the specially requested charge on accidental death, but the court refused to submit the specially requested charge on negligent homicide. Although the requested charge on negligent homicide was not a correct charge, it was sufficient to call the trial court's attention to the omission in the court's

charge, and no other exception or objection to the court's charge was necessary to preserve the error. Art. 36.15, Vernon's Ann.C.C.P.

The state argues in its brief that "appellant interposed the defense of accident which was properly submitted to the jury. Having done so he was not entitled to a charge on negligent homicide." The state cites numerous authorities which it says support this proposition. It would appear that the state rather than the appellant attempted to set up a defense of accident; however, this is unimportant to the decision of the case.

The cases relied upon by the state in support of its position that it was unnecessary to give the charge on negligent homicide because the charge submitted on accident was sufficient are Simmons v. State, 145 Tex.Cr.R. 619, 170 S.W.2d 742 (1943); Taylor v. State, 145 Tex.Cr.R. 158, 166 S. W.2d 713 (1942); Combs v. State, 52 Tex.Cr.R. 613, 108 S.W. 649 (1908); Allen v. State, 141 Tex.Cr.R. 94, 146 S.W.2d 384 (1940); Babin v. State, 149 Tex.Cr.R. 339, 194 S.W.2d 563 (1946); Shelton v. State, 367 S.W.2d 867 (Tex.Cr.App.1963); Beasley v. State, 171 Tex.Cr.R. 115, 346 S.W.2d 123 (1961); Garner v. State, 24 S.W. 420 (Tex.Cr.App.1893); Becknell v. State, 47 Tex.Cr.R. 240, 82 S.W. 1039 (1904); Joy v. State, 57 Tex.Cr.R. 93, 123 S.W. 584 (1909), and Palafox v. State, supra.

■ When the cases cited and relied on by the state are carefully considered the evidence in none of them except Joy v. State, supra, and possibly Combs v. State, supra, raised the issue of negligent homicide. Therefore, a charge on negligent homicide was not required. The language used in some of those cases is misleading if it is interpreted to mean that a charge on accidental homicide would be sufficient and a substitute for a charge on negligent homicide in a case where the facts raise the issue of negligent homicide.

In Simmons v. State, supra, it was the defendant's contention that when he struck the deceased over the head with a pistol it accidentally fired and that he did not even know the pistol had discharged until after he had placed it behind a counter. The trial court gave a charge on accidental homicide. This court said:

"Appellant, for the first time, claims in his brief that he was entitled to a charge on negligent homicide and in support of his contention he cites the case of Barnes v. State, supra [145 Tex.Cr.R. 179, 167 S.W.2d 197 (1943)]. In that case, as in this one, no charge on negligent homicide was given or requested. . . . It is obvious that the reversal of the Barnes case was predicated upon the court's failure to give an affirmative instruction on the defendant's intent and not because the court had failed to charge on the law of negligent homicide. The other cases cited by appellant likewise do not sustain his contention."

In Taylor v. State, supra, the court said that the evidence did not raise the issue of negligent homicide and that the trial court did not err in refusing to submit such a charge. The defendant's defense was that his pistol accidentally discharged. The evidence did raise the issue of accidental homicide.

In Allen v. State, supra, the opinion states:

"There is no evidence raising the issue of negligent homicide. As stated, the appellant was either guilty of murder with malice or he should have been acquitted of murder under his testimony that the killing was an accident."

In Shelton v. State, supra, the court said:

". . . In view of our disposition of the case, the facts will not be set forth. We overrule appellant's contention that the charge on accident as given by the court was erroneous and point out that where, as in this case, the defense is accident, there is no occasion to charge on negligent homicide. Beasley v. State,

171 Tex.Cr.R. 115, 346 S.W.2d 123, and Simmons v. State, 145 Tex.Cr.R. 619, 170 S.W.2d 742."

The evidence in Beasley and Simmons did not raise the issue of negligent homicide.

In Babin v. State, supra, the court said:

"According to the State's testimony, the shooting by appellant was deliberate. According to the defense, the shooting —that is, the firing of the gun—was accidental. Under such facts, the full charge on accidental shooting protected appellant in his rights. Negligent homicide is deemed not raised. Combs v. State, 52 Tex.Cr.R. 613, 108 S.W. 649."

In Beasley v. State, supra, the opinion reads:

"Appellant, having interposed the defense of accident which was properly submitted to the jury, was not entitled to a charge on negligent homicide. Simmons v. State, 145 Tex.Cr.R. 619, 170 S. W.2d 742."

The facts recited in Beasley show that the defense was accidental death and not negligent homicide. The appellant "testified that he had no intention of killing the deceased and explained the firing of the rifle by stating that he jerked back from the deceased and his hand slipped on the trigger." It was an unintentional act that resulted in the death of the deceased.

In Combs v. State, supra, it was said:

"We do not believe, however, under the authorities, that it was error in this case, in view of the charge given by the court, to fail to submit the doctrine of negligent homicide. The court gave a charge in which he instructed the jury very clearly that, if the shooting was an accident, the defendant was entitled to an acquittal . . . And so in this case, if it be conceded, as we think the facts show, that the evidence raised the issue of negligent homicide, still the failure to submit this degree of the offense charged can furnish no just ground of

complaint to the appellant. If it was an accident, from the charge of the court as given, appellant was entitled to an acquittal. Accident is implied in negligent homicide of both the first and second degrees, and in many cases of accidental killing the defendant could not be convicted even of homicide in either of these degrees. We think, therefore, and so hold, that the charge of the court in this respect cannot be complained of by the appellant."

The principal authority relied upon in Combs was Garner v. State, 24 S.W. 420 (Tex.Cr.App.1893). Although the opinion states " . . . we think the facts show, that the evidence raised the issue of negligent homicide," the appellant's statement which was introduced gave this version of the facts: "My wife had started on ahead of me, and I was trotting along behind her, trying to catch up with her, swinging the pistol around in my hand and snapping it. It went off and struck my wife." From the facts stated in the opinion it would appear the facts did not raise the issue of negligent homicide.

In Garner v. State, supra, it was said:

"The charge of the court is an admirable presentation of the law of the case. The charge on the theory of defense was clear, concise, and comprehensive. There was no necessity of instructing on the various grades and punishments of accidental homicide. If there was no murder in the case, the appellant should be acquitted, and the court so charged the jury. We cannot see how the appellant can complain of this omission. It was for his benefit."

In Garner the accused accidentally and unintentionally fired a pistol while twirling it on his finger.

In Joy v. State, supra, it was said:

"Again, counsel complain that the court erred in failing to charge the law of negligent homicide. It may, we think, well be doubted whether the court would

have been justified under the evidence in giving such a charge. However, in view of the court's charge, this objection cannot avail appellant in any event . . . Now, it cannot avail the appellant that the court omitted to instruct the jury that if the killing was accidental, but negligent, that they should have convicted him of negligent homicide, when the court goes beyond this and in·express terms charged the jury that if the killing was accidental, there is no degree of culpability, but the appellant is entitled to go entirely acquitted."

The facts recited in the opinion in Joy show that the appellant intentionally fired a rifle at the deceased who he thought was stealing corn.

In Becknell v. State, supra, it was said:

"The last insistence of appellant is that the court erred in failing to charge on negligent homicide. The issue is not in the case. As stated above, the court told the jury that, if the child was killed by negligence, to acquit defendant. This was as favorable as defendant could ask."

 If we keep in mind the difference between accidental death and negligent homicide as recognized in Palafox v. State, supra; Egbert v. State, supra, and Harris v. State, supra, it would appear that it would be a rare case which would raise both the defense of accidental death and negligent homicide. There is an obvious fallacy in saying that a charge on accidental death adequately protects the appellant when the facts in the case raise the issue of negligent homicide and a charge on negligent homicide is requested. In such a case if only the charge on accidental homicide is submitted to the jury, and it applies the instructions given to facts showing that an intentional act resulted in death, the jury should not acquit the accused. For example, assume that the death of a person or a baby is the result of a weapon intentionally fired or the baby intentionally

dropped. The instruction on accident would be similar to that which follows:

"The defendant has interposed the affirmative defense of accident, and in this regard you are instructed that no act done by accident is an offense against the law. Therefore, if you find and believe from the evidence that the defendant, AB in the —— County of Texas, on or about the —— day of ————, 19——, as alleged in the indictment did then and there kill the deceased but you further believe that the *act* of the defendant in [shooting the gun or dropping the baby] was accidental and was not the *voluntary* and *intentional* act of the defendant, or if you have reasonable doubt thereof, then you will acquit the defendant and say by your verdict 'Not guilty.'" (emphasis supplied). Willson's Criminal Forms, Section 3566, pp. 574–75.

The jury could not acquit the accused because he admitted he intentionally shot the gun or dropped the baby. Obviously the charge on accidental death is highly detrimental to the accused, and it is certainly not more favorable to him than a charge on negligent homicide would be. If the facts raise the issue of negligent homicide rather than accidental homicide a charge on negligent homicide should be given. When charges on both negligent homicide and accidental homicide are requested and there is doubt in the mind of the court as to which should be submitted the proper course is to submit both issues.

 The court is required when a proper request is made to charge on every defensive issue raised by the evidence. The failure to do so is reversible error. 31 Tex.Jur.2d, Sec. 110, p. 660; Barton v. State, 172 Tex.Cr.R. 600, 361 S.W.2d 716 (1962).

In McConnell v. State, 22 Tex.App. 354, 3 S.W. 699 (1886), the appellant was convicted for the offense of manslaughter for the killing of his young daughter. The

court had charged the jury on the law of murder of the second degree, manslaughter, and negligent homicide of the second degree, but the conviction was reversed because the court failed to submit the law of negligent homicide of the first degree in its charge to the jury. In explaining the law of negligent homicide in the first degree, the court used the following language:

"To constitute this crime the act in which the party committing it is engaged must be lawful, yet it must be one coupled with an apparent danger of causing death, and at the same time there must be no apparent intention to kill, and the homicide must be the consequence of the act done. Pen.Code, arts. 580, 581, 584, 585. Now, both defendant and his wife, when they arrived at his father's house, stated that the child was killed by the upsetting of the buggy. Whether true or untrue, that was the evidence as to their statement, it was part of the evidence in the case; it was defendant's theory of the death. Now, whatever may be thought of this theory in view of the fact that the body had a bullet hole through its brains, it was one phase of the defense, and appellant had the right to have the jury plainly, affirmatively, and pertinently instructed upon the law applicable to it as part of the case. It was not for the court to ignore it; it was matter for the jury to pass upon, and the court should have charged upon it. Having failed to do so, and defendant having promptly reserved an exception to the charge for the specific error in omitting to give it, the error becomes fatal."

■ The facts in the case at bar raise the issue of negligent homicide. The appellant testified he intentionally dropped the baby on the bed and it bounced off striking its head. This caused the injuries which resulted in death. It was for the jury to determine under proper instructions whether an offense was committed and, if so, whether it was murder or negligent homicide. There was no evidence that the baby's death was caused by an unintentional act. The appellant's answer to the prosecutor's question that it was an accident did not raise that issue. Since the appellant requested a charge on accidental death the error in giving the charge was invited and could not be reversible error.

To the extent that they are in conflict with our opinion here the cases including Combs v. State, supra, and Joy v. State, supra, are overruled.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, J., concurs in the result.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction because the court did not instruct the jury on negligent homicide.

Appellant gave an unusual (if not unbelievable) explanation of how the baby met her death. He testified that in order to stop the baby from crying he held her up to eye level and let her drop on the bed. He related that as he turned to get a diaper he heard what must have been her head hit the wall.

On cross-examination, he testified that her death was completely accidental. The court charged on accident. This charge was more favorable to appellant than a charge on negligent homicide. The jury would have acquitted had they believed the homicide was an accident.

I would follow Palafox v. State, 484 S. W.2d 739 (Tex.Cr.App.1972), and Shelton v. State, 367 S.W.2d 867 (Tex.Cr.App. 1963), which hold that where a charge on accident is given no charge on negligent homicide is required.

Heretofore this Court has held that a charge on a lesser included offense is not required unless the evidence raising such issue is that the accused is guilty and is guilty of only the lesser offense.

In Lewis v. State, 479 S.W.2d 74 (Tex. Cr.App.1972), this Court held that charges on the lesser offenses of aggravated assault and simple assault were not required in a robbery case where the court instructed the jurors to acquit if they found that Lewis did not commit the robbery. There the Court wrote:

"We also call appellant's attention to our recent opinion in Dominguez v. State, 472 S.W.2d 268, where we had a similar contention before us and held that the trial court did not err in refusing appellant's requested charge where the charge actually given was more favorable to him than the one requested. Therein we said:

"'Appellant's second ground of error is that the trial court erred in failing to grant his requested charge that if the jury had reasonable doubt as to appellant's intent to rob, they should acquit him of the offense of robbery and find him guilty of simple assault.

"'We find the charge given more favorable to appellant than the one requested because it instructed them that if they had a reasonable doubt as to his intent they should acquit appellant and find him not guilty.'"

In McBrayer v. State, 504 S.W.2d 445 (Tex.Cr.App.1974), the conviction was assault with intent to commit rape. It was contended that a charge of the lesser offense of aggravated assault should have been given. The evidence necessarily had to show an aggravated assault for there to be enough evidence of assault with intent to commit rape, a greater offense. This Court held, unanimously, that no charge on the lesser offense of aggravated assault was required. The Court followed the correct rule and wrote as follows:

"*Still further, merely because a lesser offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising such issue that the appellant, if guilty, is guilty only of the lesser offense.* See Hale v. State, 164 Tex.Cr.R. 482, 300 S.W.2d 75 (1957); Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479 (1952)." (Emphasis Supplied)

Does the majority opinion change this well established rule and overrule all of the above and many other cases? If so, the majority should do so specifically and not leave two contrary rules or lines of decision to the bewilderment of trial judges, attorneys and researchers.

Doesn't the majority opinion in effect require all lesser included offenses to be charged even though their omission is to the advantage of and favorable to a defendant?

If it could logically be concluded that the trial court erred in refusing to charge on the lesser offense of negligent homicide, it was in favor of appellant because the jurors would have found him not guilty instead of convicting him of that offense had they found him not guilty of murder. See the dissent of this writer in Esparza v. State, Tex.Cr.App., 520 S.W.2d 891.

No error toward appellant has been shown. The judgment should be affirmed.