**Homer McKENZIE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49131.**

Court of Criminal Appeals of Texas.

April 2, 1975.

Rehearing Denied April 30, 1975.

Douglas H. Parks, Dallas, for appellant.

Henry Wade, Dist. Atty., Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. Punishment was assessed by the jury at life.

The record reflects that Sue Ann Sharer left the deceased, a five-year-old male child, and her three other children with appellant when she departed for work on March 3, 1973. About 9:00 p. m., the manager of the restaurant where Sharer worked received a call from appellant asking that she "tell Sue that I have killed her son." Dr. William Sturner testified that an autopsy revealed that the primary cause of death was an external blow to the back of the head.

Among the contentions advanced by appellant, it is urged that the court erred in failing to grant his requested instruction to the jury on the law of negligent homicide. The State responds by asserting that appellant was not entitled to a charge on negligent homicide since the jury was charged on the law relative to accidental homicide.

Appellant, testifying in his own behalf, related that the deceased had come in the house crying about 4:30 p. m. and stated that he fell from the monkey bars and wet his pants. Appellant told the deceased that there was no sense in crying and suggested that they do pushups and "flips." Appellant stated that he had done "flips" with deceased before but on this occasion they were not well executed. Appellant described "flips" as follows:

"Well I [appellant] would sit in a chair facing the window and he [deceased] would be on my right side and as he would approach I would put one arm on his stomach and one on his head and he would do a complete somersault."

According to appellant, the deceased fell to the floor during the execution of the "flips" and it was his belief that the bruises found on the head of the deceased came from falls occurring during the "flips."

In the recent case of Stiles v. State, 520 S.W.2d 894 (Tex.Cr.App.1975), this Court said:

"The difference between accidental homicide and negligent homicide is whether the act resulting in death was *intentionally* or *unintentionally* done. The focus is on the accused's act, not on the result of his act. Accidental homicide is the result of an unintentional act while negligent homicide may only result from an intentional act."

The same problem was before this Court in Esparza v. State, 520 S.W.2d 891 (Tex. Cr.App.1975 on motion for rehearing), and the Court set fourth the same rule recited in *Stiles* for determining when the evidence raises negligent homicide and accidental homicide.

In *Stiles,* a thorough discussion was made of the cases which have been cited for the proposition that it is unnecessary to give a charge on negligent homicide where an instruction on accident is included in the court's charge. This Court concluded that the language used in some of those cases is misleading if it is interpreted to mean that a charge on accidental homicide would be sufficient and a substitute for a charge on negligent homicide in a case where the facts raise the issue of negligent homicide.

Applying the test set forth in *Stiles,* we find that the evidence in the instant case raises the issue of negligent homicide. Appellant testified he *intentionally* "flipped" the deceased child, and that the "flips" were not well executed and the deceased fell to the floor. The court is required, when a proper request is made, to charge on every defensive issue raised by the evidence. The failure to do so is reversible error. Stiles v. State, supra; Barton v. State, 172 Tex.Cr.R. 600, 361 S.W. 2d 716.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS Judge (dissenting).

The majority reverses this conviction because the trial court did not instruct the jury concerning negligent homicide. The judgment should be affirmed for the reasons set forth in the dissenting opinions in Stiles v. State, 520 S.W.2d 894 (Tex.Cr. App.1975); and Esparza v. State, 520 S.W. 2d 891 (Tex.Cr.App.1975).