**Michael Joseph BANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–006–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 12, 1981.

Dick DeGuerin, Foreman & DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and ROBERTSON, JJ.

MILLER, Justice.

This is an appeal from a murder conviction. Appellant was found guilty after a trial by jury, and punishment was assessed at fifteen (15) years confinement in the Texas Department of Corrections. Appellant was sentenced by the court and notice of appeal was duly given. We affirm the judgment of the trial court.

Michael Joseph Banks was convicted of the gun-shot murder of Donald Ray Sessions. On the evening of October 28, 1977 Donald Ray Sessions was playing cards with three neighbors outside his apartment. At approximately 8:30 P.M. appellant and Cynthia Sessions, sister of the deceased and common-law wife of Banks, came to the apartment complex to ask the deceased about the disappearance of $1600 from appellant's car. Appellant believed the deceased removed the money when he borrowed the car several hours earlier. The deceased denied any knowledge of the missing money, and after a few minutes of argument, appellant and Cynthia Sessions left the complex to look for the money once more. Some fifteen minutes later, appellant returned and a heated argument ensued. At some time during the argument the deceased, standing on some stairs, turned and moved toward the appellant. Appellant pulled a gun and shot the deceased three times. Appellant then shot at the other card players, wounding the deceased's cousin, Michael Bisor, with the final shot.

At trial appellant admitted to shooting the deceased but claimed he acted in self-defense. Appellant testified he and the deceased had been engaged in a feud for some time, and the deceased had constantly "bullied" and "picked-on" him. Appellant further testified he took a gun to the deceased's apartment because he was afraid of the deceased and believed there would be trouble when he asked for his money back. According to this testimony, the deceased was shot when he turned to come toward the appellant. Appellant claimed his sole

reason for approaching the deceased was to get his money back and that he had no intention of killing him.

Appellant raises three grounds of error on appeal, all involving the adequacy of the jury charge. First, appellant claims the trial court erred in failing to charge the jury on appellant's right to arm himself and seek out the deceased in order to obtain an explanation or amicable adjustment of their differences. Second, it is claimed the trial court erred in denying appellant's requested instruction regarding the protection of one's property as provided under § 9.41(b) Tex. Penal Code Ann. (Vernon 1974). Third, it is claimed the trial court erred in denying appellant's requested instruction regarding the use of deadly force to protect one's property as provided under § 9.42(2)(B) Tex.Penal Code Ann. (Vernon 1974). We will address these grounds in this order.

Appellant's first ground raises a claim of trial court error in refusing to follow a well-established rule of law. At the close of case the court charged the jury on the issues of self-defense and of appellant's provoking the difficulty. Appellant timely requested the following charge which was refused:

> You are further instructed that the defendant, Michael Joseph Banks, had the right to go to the house of the deceased on the occasion of the homicide for the purpose of seeking an amicable adjustment of their differences, and, if he feared an attack upon himself by the deceased, Donald Ray Sessions, he had the right to arm himself before going to deceased's home, for the purpose of protecting himself from such anticipated attack; and his right of self-defense would not in any manner be cut off or abridged for thus acting.

Appellant claims the trial court erred by charging the jury with appellant's provoking the difficulty without including his right to arm himself and seek an explanation.

The trial court's refusal to charge the jury with the above requested instruction would amount to error under normal situa-tions. The full and unlimited charge of self-defense was qualified by the charge of provoking the difficulty. The Court of Criminal Appeals has made it clear that once this limitation on a charge of self-defense is given the trial court is obligated to also charge the jury on a defendant's right to carry arms to the scene of the difficulty and to seek an explanation of differences. *Gassett v. State,* 587 S.W.2d 695 (Tex.Cr. App.1979); *Young v. State,* 530 S.W.2d 120 (Tex.Cr.App.1975); *Porter v. State,* 152 Tex.Cr.R. 540, 215 S.W.2d 889 (1948); *Clark v. State,* 99 Tex.Cr.R. 80, 268 S.W. 465 (1925); *Shannon v. State,* 35 Tex.Cr.R. 2, 28 S.W. 687 (1894).

An exception to this established rule is found in this case. While a charge of provoking the difficulty was given by the court, the request for the charge was made by appellant, not the prosecution. A charge of provoking the difficulty would normally be thought of as a prosecution charge since it limits a defendant's instruction on self-defense. Here, however, appellant requested the court place the limitation on his own charge of self-defense. Such request was granted. Appellant therefore cannot complain of his own requested charge. It is well settled in this state that if a defendant requests a particular charge, any error in giving the charge is seen as invited and cannot be grounds for reversible error. *Stiles v. State,* 520 S.W.2d 894 (Tex.Cr.App. 1975). The prosecution did not request a charge of provoking the difficulty, and had it not been for appellant's request, no possible error would have resulted. An accused cannot invite error and then complain thereof. *Cadd v. State,* 587 S.W.2d 736 (Tex.Cr.App.1979); *Cain v. State,* 549 S.W.2d 707 (Tex.Cr.App.1977).

This court wishes to make it clear, however, it sees this situation as one of the few exceptions to the rule enunciated in *Young v. State, supra.* There the Court of Criminal Appeals held:

> ... if the court's instruction limits the accused's right of self-defense by a charge on provoking the difficulty, then the jury should be advised in a proper

instruction under the facts that the accused's right of self-defense would not necessarily be abridged by the fact that he carried arms to the scene of the difficulty if such instruction is supported by the evidence. (citations omitted)

530 S.W.2d at 122. The court went on to use such language as "it is imperative" and "necessary" for a court charge a jury on the right to arm oneself and seek an explanation when a defendant's right to self-defense has been limited. *Id.*[1] We read this language to mean that except in the rarest of situations, the additional charge is mandatory if the instruction is supported by the evidence. This case on appeal presents one of those rare instances. The appellant can not attempt to cause the trial court to err so as to gain reversal on appeal. *Cadd v. State*, 587 S.W.2d 736 (Tex.Cr.App.1979).

As a footnote, we also find an absence of evidence in the record to support a charge of appellant's right to arm himself and seek an explanation. Contrary to assertions by the State, there is evidence in the record to support a charge of provoking the difficulty. Appellant went to the deceased's apartment armed with a gun, knowing his confrontation could cause "trouble." The trial court had a basis upon which to charge the jury with provoking the difficulty, regardless of who requested the instruction.

 There is a lack of evidence, however, to support a charge of appellant's right to arm himself and seek an explanation. The right to arm oneself and go to an adversary's house for the purpose of adjusting differences or of circumventing anticipated attack must not be abused. This right does not include a license to arm oneself to retrieve believed stolen property when fresh pursuit or threat of harm is absent. See: Tex.Penal Code Ann. § 9.41, et seq. (Vernon 1974). The purpose behind the right to arm oneself and seek an explanation is defensive; to obtain an *amicable* adjustment of differences. *Young v. State*, 530 S.W.2d at 123. Appellant did not go to

the deceased's apartment to adjust an outstanding difference or to seek an explanation out of fear of a threat. Appellant went armed to the deceased's apartment "to get his money back." Such action was outside the defensive nature of this right. It is the prerogative of our court system to act as the arbitrator of these differences. Claims of theft and conversion should find mediation in the courthouse, not in the street. Otherwise, this nation would revert to an armed camp where "justice" is determined by the fastest gun. Since there was an absence of evidence in the record to support a charge of appellant's right to arm himself and seek an explanation or an amicable adjustment, we believe he was not entitled to one. *Hunter v. State*, 137 Tex. Cr.R. 289, 128 S.W.2d 1176, 1181 (1939); see: *Wilson v. State*, 87 Tex.Cr.R. 625, 224 S.W. 772, 775 (1920). A trial court is not required to instruct upon an issue not raised by the evidence. *Simmons v. State*, 145 Tex.Cr.R. 619, 170 S.W.2d 742 (1943). Because this ground of error can be overruled on the basis of appellant's invited error, however, we need not decide whether the rule of *Young v. State*, et al, mandating a charge of a right to arm oneself and seek an explanation when an instruction of provoking the difficulty is given is first dependent on an evidentiary foundation. That question is left for consideration by a higher authority. This ground of error is overruled.

Appellant's second and third grounds of error can be addressed together. Appellant contends the trial court was in error by failing to instruct the jury regarding his right to protect his property and to use deadly force in the protection of his property as found under Tex.Penal Code Ann. §§ 9.41 and 9.42 (Vernon 1974). Section 9.41, "Protection of One's Own Property", provides in pertinent part:

> (b) A person unlawfully dispossessed of land or tangible, movable property by another is justified in using force against

1. This rule has recently been re-affirmed by the Court of Criminal Appeals in *Gassett v. State*, 587 S.W.2d 695 (Tex.Crim.App.1979), and *Wil- liams v. State*, 580 S.W.2d 361 (Tex.Crim.App. 1979).

the other when and to the degree the actor reasonably believes the force is immediately necessary to re-enter the land or recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and:

(1) The actor reasonably believes the other had no claim of right when he dispossessed the actor, . . . .

In like manner, § 9.42, "Deadly Force to Protect Property", provides in pertinent part:

A person is justified in using deadly force against another to protect land or tangible, movable property:

(2) When and to the degree he reasonably believes the deadly force is immediately necessary:

(B) To prevent the other who is fleeing immediately after committing burglary, robbery, aggravated robbery or theft during the night time from escaping with the property; and

(3) He reasonably believes that:

(A) The land or property cannot be protected or recovered by any other means; or

(B) The use of force other than deadly force to protect or recover the land or property would expose the actor or another to a substantial risk of death or serious bodily injury.

■ There is no error raised by these points because the evidence presented at court did not raise these issues. The evidence discloses a complete absence of fresh pursuit after the disposition of the money. Appellant did not see the deceased take the money or flee the scene of the "crime." In fact, appellant first thought the money was misplaced or lost. Appellant was acquainted with the deceased and knew where he lived, so even immediate pursuit was unnecessary. The deceased made no effort to flee when appellant approached him or to create a situation where the use of deadly force was the appellant's only alternative. Therefore, no evidence was presented which would support a charge under either statute. See: *McDonald v. State*, 597 S.W.2d 365 (Tex.Cr.App.1980). The trial court did not err by refusing to charge the jury on the use of force or deadly force in the protection of property. Grounds of error two and three are overruled.

Judgment affirmed.

MORSE, Justice, concurring.

It is my opinion that any error of the trial court in failing to give appellant's requested instruction on the right of defendant to arm himself and seek an amicable adjustment of differences was not invited by appellant's request of a charge on provoking the difficulty. Although the state did not request and even requested removal of the provoking the difficulty charge, it is the opinion of this court that such a charge had been raised by the evidence and was properly given and became a part of the court's charge.

The majority opinion relies on *Stiles v. State*, 520 S.W.2d 894 (Tex.Cr.App.1975); *Cadd v. State*, 587 S.W.2d 736 (Tex.Cr.App. 1979); and *Cain v. State*, 549 S.W.2d 707 (Tex.Cr.App.1977) in holding that appellant, by requesting both the charge [given] on provoking the difficulty and the charge [not given] on the right to bear arms in seeking an amicable adjustment of differences, invited any error in refusing to give the latter charge. In all three cases, the error complained of was in *giving* a charge which was requested, not in *refusing* to give a particular charge or a portion thereof. Actually in the *Stiles* case, the court reversed for failure, despite appellant's request, to give a charge on negligent homicide which was raised by the evidence, even though appellant also requested and the court gave a charge of accidental death which was held not raised by the evidence. The state argued (1) that since appellant requested the accidental death charge, he was not entitled to a charge on negligent homicide, and (2) the latter was unnecessary because the charge given was sufficient. The appellate court held that although the appellant had invited and could not complain of any error in charging on accidental death, such charge did not adequately protect the appellant when the facts raised the issue of

negligent homicide and appellant requested a charge on it. In effect, it was held that the request for one charge didn't invite the error in failing to give the other.

The appellant was within his right in requesting a particular correct form of the anticipated issue which would limit and thereby affect his right of self-defense. Appellant clearly sought the proper form of both requested charges to prevent the error made in omitting the follow-up charge, which was required if it was raised by the evidence. *Young v. State,* 530 S.W.2d 120 (Tex.Cr.App.1975). If the evidence raised both issues, appellant had a right to have complete proper instructions which peculiarly applied to the facts pertinent to his defense. It doesn't appear that appellant is estopped or invited error by being willing to accept the "bitter" (limitation of his right of self defense if shown the difficulty was provoked by appellant) in order to get the "sweet" (right of appellant to bear arms in amicably "seeking an explanation").

However, since I agree with the majority opinion that the evidence did not raise the issue of seeking an amicable adjustment or explanation, at least on the final and fatal visit, there was no error by the trial court's refusal of such charge. In *Kerr v. State,* 134 Tex.Cr.R. 368, 115 S.W.2d 672 (1938), it was held that there was no error in refusing to give a charge on the right to bear arms in seeking an amicable adjustment or explanation, both because there had been no charge given by the court on provoking the difficulty and also because there was no testimony to the effect that the defendant sought an amicable adjustment or explanation. The issue was not raised by the evidence. In *Young v. State, supra,* it was held that the charge on the right to bear arms in seeking an amicable adjustment or explanation must be given if a charge on provoking the difficulty had been given as a limitation on the charge on self-defense "if such instruction is supported by the evidence."

Appellant's first ground of error should be overruled on the basis of lack of an evidentiary foundation, rather than on es-toppel of appellant because of invited error. I agree with the majority opinion's rulings on the second and third points of error, and that the judgment should be affirmed.