IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00133-CV

 

forrest cleburne properties, lp

and Charles Michael Forrest,

                                                                                    Appellants

 v.

 

william clinton forrest and

Chesapeake Operating, Inc.,

                                                                                    Appellees

 

 

 



From the 18th District
Court

Johnson County, Texas

Trial Court No. C201100001

 



MEMORANDUM  Opinion



 

            The Clerk of this Court
notified Appellant Charles Michael Forrest[1]
by letter dated June 21, 2011 that the original filing fee of $175.00 had not
been paid and that if the fee was not paid or an indigence affidavit was not
filed within 14 days, the appeal would be dismissed.  More than 14 days have
passed, and the fee has not been paid and an indigence affidavit has not been
filed.  

Furthermore, by letter dated June 15,
2011, the Clerk notified Appellant Charles Michael Forrest that the clerk’s
record in the above cause had apparently not been filed because Appellant had
failed to pay or make arrangements to pay the clerk’s fee for preparation of
the record.  Appellant was further notified that if he desired to proceed with
this appeal, he must pay or make arrangements to pay the clerk’s fee and notify
this Court of the actions taken within 21 days after the date of this letter.  Appellant
was warned that if he failed to do so, this appeal might be dismissed for want
of prosecution.  See Tex. R. App.
P. 37.3(b).  More than 21 days have passed, and we have not been
notified that Appellant has paid or made arrangements to pay the clerk’s fee.  

Accordingly, this appeal is dismissed.  See
Tex. R. App. P. 37.3(b), 42.3(b),
(c); see also Tex. R. App. P.
5; 10th Tex. App. (Waco) Loc. R.
5(a). 

 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

Dismissed

Opinion
delivered and filed July 20, 2011

[CV06]

 








 









[1] In a prior order, the Court dismissed
this appeal as to Appellant Forrest Cleburne Properties, L.P.







          The autopsy report merely substantiated Krouse's testimony, which was admitted without
objection. Assuming that the report was improperly admitted, no reversible error occurred
because the facts in the report were proved by Krouse's testimony. See Brasfield v. State, 600
S.W.2d 288, 296 (Tex. Crim. App. 1980). Accordingly, point one is overruled.
          Appellant requested these instructions:
1. You are further instructed that no act done by accident is an offense. If you find and
believe from the evidence that the death of [the decedent] was the result of an accident, or
you have a reasonable doubt thereof, then you will find [Appellant] not guilty.
2. Conduct does not constitute an offense unless it is defined as an offense by statute,
municipal ordinance, order of a county commissioners court, or rule authorized by and
lawfully adopted under a statute.
3. A person commits an offense only if he voluntarily engages in conduct, including an
act, an omission, or possession, in violation of a statute that provides that conduct is an
offense.
The court submitted the third instruction, but denied the first two. Appellant complains in point
two that, by refusing his second instruction, the court left the jury with inadequate instructions on
what conduct constitutes an offense. Point four is that, by failing to submit the first instruction,
the court refused to submit the defensive issue of accident.
          The court gave this instruction to the jury: "A person commits an offense only if he
voluntarily engages in conduct, including an act, an omission, or possession, in violation of a
statute that provides that conduct is an offense." This informed the jury that conduct constitutes
an offense only if it is voluntarily engaged in and violates a statute that makes the conduct an
offense, which was the essence of Appellant's second and third instructions. Under the
circumstances, Appellant was not harmed because the instruction given was substantially similar
to the second and third instructions which were refused. See DeBolt v. State, 604 S.W.2d 164,
168 (Tex. Crim. App. [Panel Op.] 1980). Point two is overruled.
          Appellant argues that the defense of accident should have been submitted to the jury by his
first instruction because the collision was unintentional. See Stiles v. State, 520 S.W.2d 894, 896
(Tex. Crim. App. 1975). The distinction between intentional and unintentional conduct is no
longer valid. Dockery v. State, 542 S.W.2d 644, 649 (Tex. Crim. App. 1975). Homicide is
punishable only when the state proves voluntary conduct and a culpable mental state. Id. Thus,
the court did not err when it refused Appellant's requested instruction on the former defense of
accident. Point four is overruled.
          All points have been overruled. The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice
Before Chief Justice Thomas,
          Chief Justice McDonald (Retired),
          and Justice James (Retired)
Affirmed
Opinion filed and delivered January 31, 1991
Do not publish